DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

PATRICK R. DELAHUNTY (CABN 257439)
SARAH E. GRISWOLD (CABN 240326)
Assistant United States Attorneys

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    FAX: (408) 535-5081
    patrick.delahunty@usdoj.gov
    sarah.griswold@usdoj.gov

Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 16-cr-47 EJD |
| | ) | |
| Plaintiff, | ) | UNITED STATES' PROPOSED VOIR DIRE |
| | ) | |
| v. | ) | |
| | ) | |
| JONATHAN CHANG, | ) | |
| a/k/a RuWu Charng, and | ) | |
| GRACE CHANG, | ) | |
| a/k/a Wei-Lin Chang, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

    The United States hereby submits the following proposed voir dire questions, with the suggestion that the Court address these questions to the jury pool, and permit counsel to do brief follow-up questioning as appropriate.  The government respectfully reserves its right to modify and supplement this list of proposed voir dire questions if necessary based on pretrial developments.

1
**PROPOSED VOIR DIRE QUESTIONS**

2
**I.      Practical Considerations**

3
      1.      Would you have any difficulty serving as a juror on a trial that could last approximately

4
three weeks?

5
      2.      Are there circumstances currently in your life that may make it difficult for you to

6
concentrate fairly on the issues in this case?

7
      3.      Do you have any difficulty understanding the English language?  Do you have any

8
difficulty reading the English language?

9
      4.      Do you read or understand the Mandarin language?  Any evidence that you are to

10
consider and on which you must base your decision is only the English-language interpretation provided

11
through an official court interpreter and the English-language translations provided through the certified

12
translators.  Would you have any difficulty disregarding the meaning of non-English words that differ

13
from the official interpretation or translation?

14
      5.      Do you have any hearing or eyesight problems that might make it difficult for you to

15
follow along with the evidence in this case?

16
**II.     Knowledge of Defendants, Counsel, Witnesses, and Case**

17
      6.      Do you know or have you heard of the Defendants Jonathan Chang a/k/a RuWu Charng

18
or Grace Chang a/k/a Wei-Lin Chang?  Do you know or have you heard of any the following entities

19
associated with the Defendants: Home of Christ 4 or Home of Christ in West San Jose, Home of Christ

20
Associates LLC, Home of Christ Associates, Inc., or Home of Christ Christian Center?

21
      7.      Do you know or have you heard of counsel in this case:  Patrick Delahunty and Sarah

22
Griswold for the United States, Julia Jayne and Ashley Riser for Defendant Jonathan Chang, and Chris

23
Cannon and Matt Laws for Defendant Grace Chang?

24
      8.      Do you know or are you familiar with any of the following individuals who may be

25
witnesses in this case?  [The Court is respectfully requested to read (a) the names of witnesses identified

26
in the parties' witness lists and (b) the government's case agent, Mark Matulich.]

27
      9.      This case relates to Defendants' alleged efforts to obtain money and property by

28
intentionally misleading individuals about the true nature of Home of Christ Associates Incorporated

1   and Home of Christ Associates LLC, and their laundering of the proceeds of this alleged fraud.  Outside

2   of the information you have received in connection with your jury service, does anyone think he or she

3   might have knowledge regarding the facts of this case?  For example, has anyone read any news

4   coverage regarding this case?

5   **III.    Attitude Toward Law Enforcement and Criminal Justice System**

6          10.    [If you like, you may approach sidebar to answer the following questions regarding

7   involvement with law enforcement]  Have you, any member of your immediate family, or any close

8   friend ever had any contact with any law enforcement officer more significant than a routine traffic

9   stop?  If so, do you think the law enforcement officer acted professionally and fairly?

10         11.    Do you believe that you or anyone you personally know has ever been falsely arrested or

11  wrongly charged with a crime?

12         12.    Have you, any member of your family, or any close friend ever worked in law

13  enforcement or in the criminal justice system (e.g., police officer, prosecutor, probation officer, defense

14  lawyer, defense investigator)?  Is there anything about that experience or association that would cause

15  you to lean in favor of either the Government or the Defendant in this case?

16         13.    Would you automatically view a government agency witness as more credible or less

17  credible than a witness who was not associated with a government agency, or are you able to assess each

18  witness's credibility based on the evidence at trial?

19         14.    Is anyone of the opinion that the criminal justice system is fundamentally unfair in some

20  way?

21  **IV.    Application of the Law / Punishment and Sympathy**

22         15.    Do you understand that as a juror you must accept and apply the law as it is explained to

23  you by the Court, even if you believe the law is or should be different?  Do you have any difficulty with

24  this concept that would prevent you from serving as an impartial juror in this case?

25         16.    In a criminal case, the government has the burden of proving the defendant is guilty

26  beyond a reasonable doubt.  The law does not require the government to prove its case beyond *all* doubt.

27  Would any of you feel that the government should be required to prove its case beyond *all* doubt before

28  you would vote for a verdict of guilty?

17.    The jury's role is to decide guilt; the jury does *not* determine the sentence.  Do you understand that you should not speculate about the possible punishment if the Defendant is found guilty?  Will you be able to perform your duty to follow the law and decide whether the Defendant is guilty without regard to the possible consequences?

18.    Do any of you have any moral, religious, philosophical, or political principles that make you reluctant to serve on a jury in a criminal case?  Would any of those principles make it difficult or impossible for you to judge a fellow citizen?

a.    Do any of you hold any principles that would cause you to refuse to vote to convict a person who held a leadership position at a church, such as elder or deacon?

b.    Do any of you hold any principles that would cause you to refuse to vote to convict a person who allegedly defrauded his or her church?

c.    Do any of you hold any principles that would cause you to refuse to vote to convict a person regardless of whether you felt the evidence proved the Defendant guilty beyond a reasonable doubt?

## V.    Concluding Questions

19.    After hearing what you have heard about this case, can you think of any reasons we have not yet discussed that might prevent you from serving as a fair and impartial juror in this case?

20.    Is there any matter any juror would prefer to discuss privately with the Court?


DATED:        July 11, 2019                    Respectfully submitted,

                                              DAVID L. ANDERSON
                                              United States Attorney


                                              /s/
                                              _____
                                              PATRICK R. DELAHUNTY
                                              SARAH E. GRISWOLD
                                              Assistant United States Attorneys