JULIA M. JAYNE, State Bar No. 202753
Jayne Law Group, P.C.
483 9th Street, Suite 200
Oakland, CA 94607
Telephone: 415-623-3600
Facsimile: 415-623-3605
julia@jaynelawgroup.com

Attorney for Defendant JONATHAN CHANG

CHRISTOPHER J. CANNON, State Bar No. 88034
Sugarman & Cannon
737 Tehama Street, No. 3
San Francisco, CA 94103
Telephone: 415-362-6252
Facsimile: 415-362-6431
chris@sugarmanandcannon.com

Attorneys for Defendant WEILIN CHANG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>JONATHAN CHANG & WEILIN CHANG,<br><br>　　　　Defendants. | Case No. 16-cr-00047 EJD<br><br>**DEFENDANTS' PROPOSED JURY QUESTIONNAIRE**<br><br>Pretrial Conference: July 31, 2019<br>Time:　　　　　1:30 p.m.<br>Dept:　　　　　Courtroom 1, 5th Floor<br>Judge:　　　　Hon. Edward J. Davila<br><br>Date Filed:　　July 3, 2019<br><br>Trial Date:　　August 13, 2019 |

　　　Defendants Jonathan and Weilin Chang submit the following juror questionnaire.[1]

　　　This questionnaire is being submitted by defendants, as is common practice in the

---

[1] The defense offered to submit this as a joint questionnaire, but the government declined.

Northern District of California; [2] most such questionnaires include a wide range of questions about the jurors' backgrounds and interests, including race or ethnicity-related questions.[3]

Defendants propose that on a date selected by the Court, prospective jurors fill out questionnaires, the parties be given time to review questionnaires and if agreement can be reached by the parties from reviewing the questionnaires about jurors who should be stuck for cause and not questioned further, the parties would notify the court. The remaining jurors would then be subject to the Court's standard *voir dire* on any juror questionnaire responses that require further questioning of the jurors and, if the Court permits, brief attorney *voir dire* of the jurors. Defendants believe this is the most expeditious way to learn information about the prospective jurors.

According, Defendants request that this Court distribute the attached questionnaire to all potential jurors.

Dated: July 11, 2019                    Respectfully submitted,

                                        _____/s/_____
                                        Julia Jayne
                                        Christopher J. Cannon
                                        Attorneys for Defendants Jonathan & Weilin Chang

---

[2] Similar juror questionnaires have been provided in the following N.D.C.A. cases: *United States v. Williams*, 13-0764 WHO (RICO and related charges); *United States v. Berger*, 17-00491-RS, Dkt. 99 (tax fraud); United *States v. Bogucki*, 18-0021-CRB, Dkt. 160 (wire fraud); *United States v.McKean and Burch* , 17-00175 CRB, Dkt. 327-1 (conspiracy to defraud U.S.); *United States v. Meli Lin et al*, 15-0065-BLF, Dkt. 188 (tax fraud).

[3] The Supreme Court has recognized the importance of juror questions regarding race, *Ristaino v. Ross*, 424 U.S. 589 (1976), and has held that it is required in Capital cases. *Turner v. Murray*, 476 US. 28 (1986).  In these polarized times where immigration is on the front page daily, it is hard to imagine a case where questionnaire or voir dire on the subject of racial prejudice and immigration would not be required in a case with non-white defendants.