DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

PATRICK R. DELAHUNTY (CABN 257439)
SARAH GRISWOLD (CABN 240326)
Assistant United States Attorneys

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    FAX: (408) 535-5081
    patrick.delahunty@usdoj.gov
    sarah.griswold@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 16-cr-00047 EJD |
| Plaintiff, | **GOVERNMENT'S MOTIONS IN LIMINE RE: STEVEN BOYLES** |
| v. | |
| JONATHAN CHANG,<br>  a/k/a RuWu Charng, and<br>GRACE CHANG,<br>  a/k/a Wei-Lin Chang, | |
| Defendants. | |

The United States of America, by and through its attorneys of record, submits the following motion *in limine* regarding the admission of opinions offered by Steven Boyles.

## I.  BACKGROUND

Expert reports were ordered to be disclosed on July 3 by the parties. The defendants disclosed one expert, Boyles, along with a report. The report does little more than summarize the contents of defendants' Quicken software program. Additionally, the report indicates, and repeatedly asserts that Boyles relied upon multiple conversations with Jonathan Chang to form his opinion. It also includes a vague list of sources of the report. The government has attempted to meet and confer with the defendants regarding the scope of the conversations between Mr. Chang and Mr. Boyles. Specifically, the government has asked for additional details regarding the conversations, including what was said and who was present. The defendants' only response, despite multiple enquiries, has been that the details of the conversations are reflected on page 2 of Mr. Boyles' report. This response is inadequate and the government moves herein to preclude a limited number of Boyles' opinions, as discussed below.

## II.  LEGAL STANDARD

Federal Rule of Evidence 702 requires that an expert be "qualified as an expert by knowledge, skill, experience, training, or education." "[T]he test under Daubert is not the correctness of the expert's conclusions but the soundness of his methodology." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1318 (9th Cir. 1995). As the party offering expert testimony, the defendant has the burden of proving each of the required elements to establish that testimony is admissible. *See Lust v. Merrell Dow Pharmaceuticals, Inc.*, 89 F.3d 594, 598 (9th Cir. 1996). As a result, here, the Changs must show the relevance of such evidence, and that the proposed evidence would not be "unduly confusing, misleading or repetitive" and will be of assistance to the jury. *United States v. Frisbee*, 623 F. Supp. 1217, 1223-24 (N.D. Cal. 1985).

Federal Rule of Criminal Procedure 16(b)(1) requires the production of a summary of the experts opinons and the bases of the opinions (collectively, the expert's report or expert's disclosure). Absent the requirements of Rule 16(b)(1), the defense does not have to disclose a statement made by the defendant to his or her attorney or agent. *See* Rule 16(b)(2)(B).

### III.     EXCLUDABLE OPINIONS

#### A.     Boyles' Reliance Upon Communications with the Changs

Boyles offers opinions that are based upon communications with Jonathan Chang. *See* Ex. 1 (redacted portion of report). He has not, however, disclosed notes of those conversations (if the communications were in writing) or emails (if they were communications were written). The Changs' attorneys have indicated they were present for those conversations and were party to emails between the Changs and the expert, however. Rule 16 requires the defense to provide additional information regarding the conversations because they form the basis of Boyles' opinion, as Boyles asserts. To the extent that Boyles' opinion was based on a communication with Jonathan Changs, and his counsel were present either in person or on an email, this would not protect the communication from disclosure.

The government is reluctant to pierce a defendant's attorney-client privilege. But, it appears that Chang may have waived the privilege in two different ways. First, Boyles' report is a disclosure, at least in part, of those communications. Second, the privilege does not attach to communications with a testifying expert, as discussed below. Additionally, unless Boyles discloses these communications, the privilege is being used as a sword and shield against the government. For example, Boyles relies upon communications with Jonathan Chang to draft his report, yet he has prevented the government from testing those opinions by not disclosing the communications with Jonathan Chang that form the basis for the report.

The government believes that the privilege has been waived by Jonathan Chang once he communicates with a testifying expert. The Third Circuit's opinion in *United States v. Alvarez* provides guidance. 519 F.2d 1036 (3rd 1975). There, the government compelled the defendant's consulting expert to testify in the government's case, and the Third Circuit held that the attorney-client privilege protected the communications with the expert because, as a consulting expert, the defendant did not anticipate that the expert would be compelled to testify. *Id.* at 1046. But, the Third Circuit repeatedly drew the distinction between an expert that the defendant anticipated would testify (or that did testify) and an expert that the defendant did not expect to testify. *Id.* at 1046-47. As the Third Circuit explained, "If the expert is later used as a witness on behalf of the defendant, obviously the cloak of

privilege ends." *Id.* at 1046. Similarly, the Third Circuit held that a defendant's "[d]isclosures made to the attorney's expert should be equally unavailable, at least until he is placed on the witness stand." *Id.* at 1047.

Other courts are in accord. For example, the Ninth Circuit has cited *Alavarez* with approval:

> We agree with the Third Circuit that a defendant's communication with her psychiatrist is protected up to the point of testimonial use of that communication. *See also United States v. Nobles*, 422 U.S. 225, 240 n. 15, 95 S.Ct. 2160, 2171 n. 15, 45 L.Ed.2d 141 (1975) (order to disclose defense investigator's report "resulted from [defendant's] voluntary election to make testimonial use of [the] report"); *United States v. Talley*, 790 F.2d 1468, 1470–71 (9th Cir.1986) (recognizing "attorney-psychotherapist-client privilege" based in common law); *United States Ex rel. Edney v. Smith*, 425 F.Supp. 1038, 1054–55 (E.D.N.Y.1976), (defendant waived protection against prosecution's use in rebuttal of one-time defense expert when defendant introduced testimony on mental state from different expert), aff'd, 556 F.2d 556 (2d Cir.), cert. denied, 431 U.S. 958, 97 S.Ct. 2683, 53 L.Ed.2d 276 (1977).

*Smith v. McCormick*, 914 F.2d 1153, 1160 (9th Cir. 1990).

Here, the government has been given no indication that Boyles was merely a consulting expert. That is, Jonathan Chang has not asserted that he had an expectation of privacy in the conversations with Boyles because he he did not anticipate Boyles testifying. This is confirmed by Boyles' report, disclosure, and presence on the Changs' witness list. As a result, *Alvarez* indicates that the privilege was waived during these communications. The communications are discoverable (1) under Rule 16(b)(1) because Boyles relied upon them and (2) they constitute *Jencks* statements of Boyles. *See* Fed. Crim. Rs. Proc. 16 and 26.2 (*Jencks* statements must be produced by both government *and* defendants).[1]

### IV.   CONCLUSION

The government requests that Boyles be precluded from offering any opinions that rely upon communications with the Changs unless he fully discloses his communications with the Changs. Nevertheless, and alternatively, to the extent that the Court interprets application of the privilege differently and does not find a waiver, the government requests an opportunity to first *voir dire* Boyles

---

[1] Rule 16(b)(1)(B) provides for the disclosure of expert reports by defendants, including the obligation to produce the bases of the report. The government notes that Rule 16(b)(2) appears to indicate that outside of expert reports, Rule 16 does not create an obligation for the defendant to produce statements made by the defendant, made to the defendant, made to the defendant's attorneys, or made to the defendant's agents. But here, the government believes the statements must be disclosed under Rule 16(b)(1)(B) and Rule 26.2, not pursuant to a general obligation under Rule 16.

1  about how much of his report is permeated with knowledge he gained from the Changs.

2  DATED: July 11, 2019                          Respectfully submitted,

3                                                PATRICK R. DELAHUNTY
                                                 United States Attorney

4                                                /s/

5                                                PATRICK DELAHUNTY
                                                 SARAH GRISWOLD
6                                                Assistant United States Attorneys