DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

PATRICK R. DELAHUNTY (CABN 257439)
SARAH E. GRISWOLD (CABN 240326)
Assistant United States Attorneys

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    FAX: (408) 535-5081
    patrick.delahunty@usdoj.gov
    sarah.griswold@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-CR-47 EJD |
| Plaintiff, | UNITED STATES' PROPOSED JURY INSTRUCTIONS |
| v. | Trial Date: August 13, 2019 |
| JONATHAN CHANG, | Trial Time: 9:00 AM |
| a/k/a "RuWu Chang," and | Court: Hon. Edward J. Davila |
| GRACE CHANG, | |
| a/k/a "Wei-Lin Chang," | |
| Defendants. | |

The United States files the below proposed jury instructions to be used in the Court's charge to the jury in the above-referenced case. The United States reserves the right to propose jury instructions based on developments during trial.

DATED: July 11, 2019

                              Respectfully submitted,

                              DAVID L. ANDERSON
                              United States Attorney

                              /s/
                              PATRICK R. DELAHUNTY
                              SARAH E. GRISWOLD
                              Assistant United States Attorneys

1.1 DUTY OF JURY

1.2 THE CHARGE-PRESUMPTION OF INNOCENCE

1.3 WHAT IS EVIDENCE

1.4 WHAT IS NOT EVIDENCE

1.5 DIRECT AND CIRCUMSTANIAL EVIDENCE

1.6 RULING ON OBJECTIONS

1.7 CREDIBILITY OF WITNESSES

1.8 CONDUCT OF JURY

1.9 NO TRANSCRIPT AVAILABLE TO JURY

1.10 TAKING NOTES

1.11 OUTLINE OF TRIAL

1.12 JURY TO GUIDED BY ENGLISH TRANSLATION/INTERPRETATION

1.13 SEPARATE CONSIDERATION FOR EACH DEFENDANT

2.1 CAUTIONARY INSTRUCTION-FIRST CLASS

2.2 BENCH CONFERENCES AND RECESSES

2.3 STIPULATED TESTIMONY

2.4 STIPULATION OF FACT

2.5 JUDICAL NOTICE

2.7 TRANSCRIPT OF RECORDING IN ENGLISH

2.8 TRANSCRIPT OF RECORDING IN FOREIGN LANGUAGE

2.9 DISPUTED TRANSCRIPT OF RECORDING IN FOREIGN LANGUAGE

2.10 FOREIGN LANGUAGE TESTIMONY

2.11 OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT

3.1 DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

3.2 CHARGE AGAINST DEFENDANT NOT EVIDENCE PRESUMPTION OF INNOCENCE BURDEN OF TRUTH

3.3 DEFENDANT'S DECISION NOT TO TESTIFY

3.4 DEFENDANT'S DECISION TO TESTIFY

3.5 REASONABLE DOUBT-DEFINED

3.6  WHAT IS EVIDENCE

3.7  WHAT IS NOT EVIDENCE

3.8  DIRECT AND CIRCUMSTANTIAL EVIDENCE

3.9  CREDIBILITY OF WITNESSES

3.10  ACTIVITIES NOT CHARGED

3.13  SEPARATE CONSIDERATION OF MULITIPLE COUNTS-
      MULTIPLE DEFENDNENTS

3.17  FOREIGN LANGUAGE TESTIMONY

3.18  ON OR ABOUT-DEFINED

5.1  AIDING AND ABETTING

5.7  KNOWINGLY-DEFINED

5.8  DELIBERRATE IGNORANCE

5.12  INTENT TO DEFRAUD

7.1  DUTY TO DELIBERATE

7.2  CONSIDERATION OF EVIDENCE-CONDUCT OF THE JURY

7.3  USE OF NOTES

7.4  JURY CONSIDERATION OF PUNISHMENT

7.5  VERDICT FORM

7.6  COMMUNICATION WITH COURT

7.10  REDBACK OR PLAYBACK

7.11  CONTINUING DELIBERATIONS AFTER JUROR IS DISCHARGED AND NOT REPLACED

7.12  PRESUMPTIONS OF DELIBERATIONS AFTER ALTERNATE JUROR IS ADDED

8.20  CONSPIRACY TO COMMIT WIRE FRAUD

8.124  WIRE FRAUD

PARTICIPATION IN A WIRE FRAUD

SUCCESS OF THE WIRE FRAUD SCHEME

MONEY OR PROPERTY

DEPRIVATION OF MONEY OR PROPERTY

1    SCHEME TO DEFRAUD

2    IDENTIFIABLE VICTIM

3    8.20 CONSPIRACY TO COMMIT MONEY LAUNDERING

4    8.147  LAUNDERING MONETARY INSTRUMENTS

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## 1.1    DUTY OF JURY

2

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you

3 something about your duties as jurors and to give you some preliminary instructions. At the end of

4 the trial I will give you more detailed written instructions that will control your deliberations.  When

5 you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and,

6 in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to

7 you, whether you agree with the law or not.  You must decide the case solely on the evidence and the

8 law before you. Perform these duties fairly and impartially. Do not allow personal likes or dislikes,

9 sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by

10 any person's race, color, religion, national ancestry, or gender.

11

12

13

14 *Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, §

15 1.1 (2010 ed.) (as modified; approved 6/2019).

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES' PROPOSED JURY INSTRUCTIONS
16-CR-47 EJD                                    5

## 1.2     THE CHARGE—PRESUMPTION OF INNOCENCE

This is a criminal case brought by the United States government. The government charges the defendants with Conspiracy to Commit Wire or Mail Fraud, Wire Fraud, Conspiracy to Commit Money Laundering, and Money Laundering.  The charges against the defendants are contained in the indictment. The indictment simply describes the charges the government brings against the defendants. The indictment is not evidence and does not prove anything.

The defendants have pleaded not guilty to the charges and are presumed innocent unless and until the government proves the defendants guilty beyond a reasonable doubt. In addition, the defendants have the right to remain silent and never have to prove innocence or to present any evidence.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 1.2 (2010 ed.).

### 1.3     WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

 (1)  the sworn testimony of any witness; and

 (2)  the exhibits which are received in evidence[.] [; and]

 (3)  [any facts to which the parties agree.]

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*,
§ 1.3 (2010 ed.).

## 1.4     WHAT IS NOT EVIDENCE

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

(1)     statements and arguments of the attorneys;

(2)     questions and objections of the attorneys;

(3)     testimony that I instruct you to disregard; and

(4)     anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,* § 1.4 (2010 ed.).

## 1.5    DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,* § 1.5 (2010 ed.).

## 1.6     RULING ON OBJECTIONS

There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,* § 1.6 (2010 ed.).

## 1.7    CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the witness's opportunity and ability to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 1.7 (2010 ed.) (as modified; approved 1/2016).

## 1.8    CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers— until you have been excused as jurors. If you happen to read or hear anything touching on this case in

1    the media, turn away and report it to me as soon as possible.

2         These rules protect each party's right to have this case decided only on evidence that has been

3    presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their

4    testimony is tested through the trial process. If you do any research or investigation outside the

5    courtroom, or gain any information through improper communications, then your verdict may be

6    influenced by inaccurate, incomplete or misleading information that has not been tested by the trial

7    process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based

8    on information not presented in court, you will have denied the parties a fair trial. Remember, you have

9    taken an oath to follow the rules, and it is very important that you follow these rules.

10        A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a

11   mistrial could result that would require the entire trial process to start over. If any juror is exposed to

12   any outside information, please notify the court immediately.

16   *Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*,

17   § 1.8 (2010 ed.) (as modified; approved 6/2016).

### 1.9     NO TRANSCRIPT AVAILABLE TO JURY

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,* § 1.9 (2010 ed.).

## 1.10    TAKING NOTES

If you wish, you may take notes to help you remember the evidence.  If you do take  notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].

No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,* § 1.10 (2010 ed.).

## 1.11   OUTLINE OF TRIAL

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] [the attorneys will make closing arguments and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,* § 1.11 (2010 ed.).

**1.12   JURY TO BE GUIDED BY ENGLISH TRANSLATION/INTERPRETATION**

[A language] [Languages] other than English will be used for some evidence during this trial. [When a witness testifies in another language, the witness will do so through an official court interpreter.] [When recorded evidence is presented in another language, there will be an official court translation of the recording.]

The evidence you are to consider and on which you must base your decision is only the English-language [interpretation] [translation] provided through the official court [interpreters] [translators]. Although some of you may know the non-English language used, you must disregard any meaning of the non-English words that differs from the official [interpretation] [translation].

[You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.]

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,* § 1.12 (2010 ed.) (as modified; approved 3/2018).

### 1.13    SEPARATE CONSIDERATION FOR EACH DEFENDANT

Although the defendants are being tried together, you must give separate consideration to each defendant. In doing so, you must determine which evidence in the case applies to each defendant, disregarding any evidence admitted solely against some other defendant. The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to the other defendant.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,* § 1.13 (2010 ed.).

## 2.1    CAUTIONARY INSTRUCTION—FIRST RECESS

We are about to take our first break. Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. If anyone tries to communicate with you about the case, please let me know about it immediately.  Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information. Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own. Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the clerk to give to me.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,* § 2.1 (2010 ed.) (as modified; approved 9/2017).

## 2.2     BENCH CONFERENCES AND RECESSES

From time to time during the trial, it [may become][became] necessary for me to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury [is][was] present in the courtroom, or by calling a recess. Please understand that while you [are][were] waiting, we [are][were] working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do][have done] what we [can][could] to keep the number and length of these conferences to a minimum. I [may][did] not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 2.2 (2010 ed.) (as modified; approved 9/2017).

## 2.3    STIPULATED TESTIMONY

The parties have agreed what [name of witness]'s testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,* § 2.3 (2010 ed.).

1

## 2.4    STIPULATIONS OF FACT

2          The parties have agreed to certain facts that have been stated to you. Those facts are now

3    conclusively established.

4

5

6

7    *Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*,

8    § 2.4 (2010 ed.) (as modified; approved 12/2017).

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 2.5   JUDICIAL NOTICE

I have decided to accept as proved the fact that [insert fact noticed], even though no evidence was presented on this point[,] [because this fact is of such common knowledge]. You may accept this fact as true, but you are not required to do so.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 2.5 (2010 ed.) (as modified; approved 12/2017).

## 2.7   TRANSCRIPT OF RECORDING IN ENGLISH

You are about to [hear][watch] [have heard][watched] a recording that has been received in evidence. [Please listen to it very carefully.] Each of you [has been][was] given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording.

However, bear in mind that the recording is the evidence, not the transcript. If you [hear][heard] something different from what [appears][appeared] in the transcript, what you [hear][heard] is controlling. [[After][Now that] the recording has been played, the transcript will be taken from you.]

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 2.7 (2010 ed.) (as modified; approved 9/2017).

## 2.8    TRANSCRIPT OF RECORDING IN FOREIGN LANGUAGE

You [are about to [hear][watch]] [have [heard][watched]] a recording in the [specify foreign language] language. Each of you [has been][was] given a transcript of the recording that has been admitted into evidence. The transcript is an English-language translation of the recording.

Although some of you may know the [specify foreign language] language, it is important that all jurors consider the same evidence. The transcript is the evidence, not the foreign language spoken in the recording. Therefore, you must accept the English translation contained in the transcript and disregard any different meaning of the non-English words.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 2.8 (2010 ed.) (as modified; approved 12/2017).

## 2.9    DISPUTED TRANSCRIPT OF RECORDING IN FOREIGN LANGUAGE

You [are about to [hear][watch]] [have [heard][watched]] a recording in the [specify foreign language] language. A transcript of the recording has been admitted into evidence. The transcript is an [official] English-language translation of the recording. The accuracy of the transcript is disputed in this case.

Whether a transcript is an accurate translation, in whole or in part, is for you to decide. In considering whether a transcript accurately describes the words spoken in a conversation, you should consider the testimony presented to you regarding how, and by whom, the transcript was made. You may consider the knowledge, training, and experience of the translator, the audibility of the recording, as well as the nature of the conversation and the reasonableness of the translation in light of all the evidence in the case.

Although some of you may know the [specify foreign language] language, it is important that all jurors consider the same evidence. Therefore, you must not rely in any way on any knowledge you may have of the language spoken on the recording; your consideration of the transcript must be based on the evidence in the case.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 2.9 (2010 ed.) (as modified; approved 3/2018).

## 2.10   FOREIGN LANGUAGE TESTIMONY

You [are about to hear][have heard] testimony of a witness who [will be testifying][testified] in the [specify foreign language] language. Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter. Although some of you may know the [specify foreign language] language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

You must not make any assumptions about a witness or party based solely on the fact that an interpreter was used.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 2.10 (2010 ed.) (as modified; approved 3/2018).

## 2.11   OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT

You [have heard testimony] [are about to hear testimony] [have seen evidence] [are about to see evidence] that the defendant [summarize other act evidence]. This evidence of other acts [was] [will be] admitted only for [a] limited purpose[s]. You may consider this evidence only for the purpose of deciding whether the defendant:

[had the state of mind, knowledge, or intent necessary to commit the crime charged in the indictment;]

or

[had a motive or the opportunity to commit the acts charged in the indictment;]

or

[was preparing or planning to commit the acts charged in the indictment;]

or

[acted with a method of operation as evidenced by a unique pattern [describe pattern];]

or

[did not commit the acts for which the defendant is on trial by accident or mistake;]

or

[is the person who committed the crime charged in the indictment. You may consider this evidence to help you decide [describe how the evidence will be used to prove identity];]

Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

The defendant is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crimes charged. You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because the defendant may have committed the other acts, he or she must also have committed the acts charged in the indictment.

1       Remember that the defendant is on trial here only for Conspiracy to Commit Wire or Mail

2   Fraud, Wire Fraud, Conspiracy to Commit Money Laundering, and Money Laundering, not for these

3   other acts. Do not return a guilty verdict unless the government proves the crimes charged in the

4   indictment beyond a reasonable doubt.

5

6

7

8   *Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*,

9   § 2.11 (2010 ed.) (as modified; approved 3/2018).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 3.1    DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,*
*§ 3.1 (2010 ed.) (as modified; approved 9/2017).*

### 3.2    CHARGE AGAINST DEFENDANT NOTE EVIDENCE— PRESUMPTION OF INNOCENCE—BURDEN OF PROOF

The indictment is not evidence. The defendants have pleaded not guilty to the charges. The defendants are presumed to be innocent unless and until the government proves the defendants guilty beyond a reasonable doubt. In addition, the defendants do not have to testify or present any evidence. The defendants do not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 3.2 (2010 ed.) (as modified; approved 12/2017).

### 3.3     DEFENDANT'S DECISION NOT TO TESTIFY[1]

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 3.3 (2010 ed.) (as modified; approved 12/2017).

---

[1] This instruction is offered if the defendant chooses not to testify. *See* Instruction 3.4 if the defendant does testify.

### 3.4     DEFENDANT'S DECISION TO TESTIFY[2]

The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 3.4 (2010 ed.).

---

[2]     This instruction is offered if the defendant chooses to testify. *See* Instruction 3.3 if the defendant does not testify.

### 3.5     REASONABLE DOUBT—DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 3.5 (2010 ed.) (as modified; approved 1/2019).

### 3.6    WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1)    the sworn testimony of any witness; and

(2)    the exhibits received in evidence.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 3.6 (2010 ed.) (as modified; approved 12/2017).

### 3.7      WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1.  Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.  Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.

3.  Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,* § 3.7 (2010 ed.) (as modified; approved 3/2018).

## 3.8  DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 3.8 (2010 ed.) (as modified; approved 12/2017).

### 3.9  CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 3.9 (2010 ed.) (as modified; approved 12/2017).

### 3.10    ACTIVITIES NOT CHARGED

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 3.10 (2010 ed.) (as modified; approved 12/2017).

### 3.13    SEPARATE CONSIDERATION OF MULTIPLE COUNTS— MULTIPLE DEFENDANTS

A separate crime is charged against one or more of the defendants in each count. The charges have been joined for trial. You must decide the case of each defendant on each crime charged against that defendant separately. Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All the instructions apply to each defendant and to each count unless a specific instruction states that it applies only to a specific defendant or count.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,* § 3.13 (2010 ed.).

### 3.17   FOREIGN LANGUAGE TESTIMONY

You have heard testimony of a witness who testified in the [specify foreign language] language. Witnesses who do not speak English or are more proficient in another language testify through an official interpreter. Although some of you may know the [specify foreign language] language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

You must not make any assumptions about a witness or a party based solely on the fact that an interpreter was used.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,* § 3.17 (2010 ed.) (as modified; approved 6/2018).

### 3.18    ON OR ABOUT—DEFINED

The indictment charges that the offenses alleged were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the date charged.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,* § 3.18 (2010 ed.) (as modified; approved 6/2018).

**5.1 AIDING AND ABETTING**

A defendant may be found guilty of [specify crime charged], even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime. To prove a defendant guilty of [specify crime charged] by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, someone else committed [specify crime charged];

Second, the defendant aided, counseled, commanded, induced or procured that person with respect to at least one element of [specify crime charged];

Third, the defendant acted with the intent to facilitate [specify crime charged]; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit [specify crime charged].

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime [and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime].

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 5.1 (2010 ed.) (as modified; approved 3/2018).

1

## 5.7 KNOWINGLY—DEFINED

2      An act is done knowingly if the defendant is aware of the act and does not act through

3  ignorance, mistake, or accident.  The government is not required to prove that the defendant knew

4  that his or her acts or omissions were unlawful. You may consider evidence of the defendant's

5  words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted

6  knowingly.

7

8

9

10  *Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*,

11  § 5.7 (2010 ed.) (as modified; approved 3/2018).

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**5.8 DELIBERATE IGNORANCE**

You may find that the defendant acted knowingly if you find beyond a reasonable doubt that the defendant:

1. was aware of a high probability that the property involved in the financial transactions identified in Counts 7, 8, and 9 represented the proceeds of some form of unlawful activity, and which property was in fact the proceeds of specified unlawful activity, namely wire fraud and conspiracy to commit wire fraud, conducted the following financial transactions, knowing that those transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of unlawful activity, and

2. deliberately avoided learning the truth.

You may not find such knowledge, however, if you find that the defendant actually believed that the property involved in the financial transactions identified in Counts 7, 8, and 9 represented the proceeds of some form of unlawful activity, and which property was in fact the proceeds of specified unlawful activity, namely wire fraud and conspiracy to commit wire fraud, conducted the following financial transactions, knowing that those transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of unlawful activity, or if you find that the defendant was simply negligent, careless, or foolish.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 5.8 (2010 ed.) (as modified; approved 3/2018) (language inserted into brackets of Model instruction is taken directly from the indictment).

**5.12 INTENT TO DEFRAUD**

An intent to defraud is an intent to deceive or cheat.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,*
§ 5.12 (2010 ed.) (as modified; approved 6/2018).

### 7.1     DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,* § 7.1 (2010 ed.) (as modified; approved 9/2017).

## 7.2     CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,* § 7.2 (2010 ed.).

1

### 7.3     USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 7.3 (2010 ed.).

1

## 7.4     JURY CONSIDERATION OF PUNISHMENT

2      The punishment provided by law for this crime is for the court to decide. You may not consider

3 punishment in deciding whether the government has proved its case against the defendant beyond a

4 reasonable doubt.

5

6

7

8 *Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,*

9 *§ 7.4 (2010 ed.).*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## 7.5    VERDICT FORM

2      A verdict form has been prepared for you.

3      As to the conspiracy to commit wire fraud and wire fraud counts, you can find that the

4  defendants either (1) knowingly and intentionally conspired to devise a scheme to defraud or (2)

5  obtained money and property by means of materially false and fraudulent pretenses, representations

6  and promises, and by material omissions of fact.  You do not need to unanimously agree as to whether

7  (1) or (2), you need only unanimously agree that at each of you separately finds (1) or (2) or finds both

8  (1) and (2).

9      After you have reached unanimous agreement on a verdict, your foreperson should complete the

10  verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to

11  return to the courtroom.

12

13

14

15  *Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*,

16  § 7.5 (2010 ed.); *Schad v. Arizona*, 501 U.S. 624, 632 (1991) (Souter, plurality) (an indictment may

17  allege that a defendant committed an offense by one or more specified means, but "[w]e have never

18  suggested that in returning general verdicts in such cases the jurors should be required to agree upon

19  a single means of commission, any more than the indictments were required to specify one

20  alone."); *see also id.* at 649 ("It has long been the general rule that when a single crime can be

21  committed in various ways, jurors need not agree upon the mode of commission.") (Scalia, J.,

22  concurring); United States v. Lyons, 472 F.3d 1055, 1068–69 (9th Cir.2007) (citing *Schad* and

23  holding no need for jury to unanimously agree whether defendant's conduct was a "scheme to

24  defraud" versus a "false promises" scheme because both types of schemes violate the same

25  underlying statutory offense).

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 7.6     COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,* § 7.6 (2010 ed.).

## 7.10    READBACK OR PLAYBACK

If during jury deliberations a request is made by the jury or juror for a readback of a portion or all of a witness's testimony, and the court in exercising its discretion determines after consultation with legal counsel that a readback should be allowed, the committee recommends the following admonition be given in open court with both sides and the defendant present:

Because a request has been made for a [readback] [playback] of the testimony of [witness's name] it is being provided to you, but you are cautioned that all [readbacks] [playbacks] run the risk of distorting the trial because of overemphasis of one portion of the testimony. [Therefore, you will be required to hear all the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible.] [Because of the length of the testimony of this witness, excerpts will be [read] [played].] The [readback] [playback] could contain errors. The [readback] [playback] cannot reflect matters of demeanor [, tone of voice,] and other aspects of the live testimony. Your recollection and understanding of the testimony controls. Finally, in your exercise of judgment, the testimony [read] [played] cannot be considered in isolation, but must be considered in the context of all the evidence presented.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 7.10 (2010 ed.) (as modified; approved 6/2019).

## 7.11   CONTINUING DELIBERATIONS AFTER JUROR IS DISCHARGED AND NOT REPLACED

[One] [some] of your fellow jurors [has] [have] been excused from service and will not participate further in your deliberations. You should not speculate about the reason the [juror is] [jurors are] no longer present.

You should continue your deliberations with the remaining jurors. Do not consider the opinions of the excused [juror] [jurors] as you continue deliberating. All the previous instructions given to you, including the unanimity requirement for a verdict, remain in effect.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,* § 7.11 (2010 ed.) (as modified; approved 12/2012).

### 7.12   PRESUMPTION OF DELIBERATIONS AFTER ALTERNATE JUROR IS ADDED

[An alternate juror has] [Alternate jurors have] been substituted for the excused [juror] [jurors]. You should not speculate about the reason for the substitution.

You must start your deliberations anew. This means you should disregard entirely any deliberations taking place before the alternate [juror was] [jurors were] substituted and consider freshly the evidence as if the previous deliberations had never occurred.

Although starting over may seem frustrating, please do not let it discourage you. It is important that each juror have a full and fair opportunity to explore his or her views and respond to the views of others so that you may come to a unanimous verdict. All the previous instructions given to you, including the unanimity requirement for a verdict, remain in effect.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 7.12 (2010 ed.) (as modified; approved 12/2012).

1
2
3

## 8.20 CONSPIRACY TO COMMIT WIRE FRAUD

## (18 U.S.C. § 1349)

4
5
6
7

The defendants are charged in Count One of the indictment with conspiring to commit wire fraud in violation of Section 1343 of Title 18 of the United States Code. In order for each defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

8
9

First, beginning on or about August 2004, and ending on or about January 2016, there was an agreement between two or more persons to commit wire fraud as charged in the indictment; and

10
11

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

12
13
14

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

15
16
17
18
19
20

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

21
22
23
24
25
26
27

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy

28

1   exists.

2

3   *Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit,*

4   *§ 8.20 (2010 ed.) (as modified; approved 1/2019)*

## 8.124   WIRE FRAUD

### (18 U.S.C. § 1343)

The defendants are charged in Counts 2, 3, 4, and 5 of the indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code. In order for each defendant to be found guilty of each of those charges, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in, devised, or intended to devise (a) a scheme or plan to defraud, or (b) a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, promises, or omitted facts. Deceitful statements of half-truths may constitute false or fraudulent representations;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive or cheat; and

Fourth, the defendant used, or caused to be used, an interstate or foreign wire communication to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

To convict defendants of wire fraud based on omissions of material facts, you must find that defendants had a duty to disclose the omitted facts arising out of a relationship of trust. That duty can arise either out of a formal fiduciary relationship, or an informal, trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the care and vigilance which it would ordinarily exercise.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to the defendant that the wire communication

would be interstate or foreign in nature. Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and an interstate or foreign wire communication must have actually occurred in furtherance of the scheme.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 8.124 (2010 ed.) (as modified; approved 4/2019)

## **PARTICIPATION IN A WIRE FRAUD**

Although the wire fraud statutes expressly punishes only those who "devise . . . or intend . . . to devise" a fraudulent scheme, those who "participate in" such a scheme also fall within the statute's ambit.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, *Comment to* § 8.124 (2010 ed.) (as modified; approved 4/2019)

### SUCCESS OF THE WIRE FRAUD SCHEME

Success of the scheme is immaterial for purposes of determining whether wire fraud occurred.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, Comment to* § 8.124 (2010 ed.) (as modified; approved 4/2019) (incorporating Comment to Instruction 8.121 (Mail Fraud)).

1

2

## **MONEY OR PROPERTY**

3

4

A right to payment, or the entitlement to collect money from a party, is "money or property," as those terms are used in the wire fraud instruction.

5

6

*Authority: United States v. Ali*, 620 F.3d 1062, 1067 (9th Cir. 2010) (concluding "[f]inally, in *Pasquantino*, the Supreme Court held that 'an entitlement to collect money from [a party]' is money or property under the mail and wire fraud statutes.") (brackets in original) (citing *Pasquantino v. United States*, 544 U.S. 349, 355 (2005)); *id.* at 1068 ("Defendants contend that these cases together stand for the proposition that only 'traditionally recognized forms of property' constitute property under the statutes.  Defendants then argue that the right to be paid is not traditionally recognized as a form of property.  *Pasquantino* prevents us from accepting their argument."); *see also United States v. Dowie*, 411 Fed.Appx. 21, *27 (9th Cir. 2010) (approving district court's rejection of defendant's requested *"Lew* instruction," requiring the "jury unanimously to find that the entity deceived by the defendants was the same entity from which money or property was sought"); *and see id.* at *28 ("Further, the proposed instruction erroneously indicates that Appellants could not be found guilty if they deceived DWP and ultimately deprived it of budgetary funds, but sought direct payment only from the City.  A defendant may be guilty of fraud where the deceived party is indirectly deprived of money or property as a result of the fraud.").

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

## DEPRIVATION OF MONEY OR PROPERTY

4

5         Deprivation of money or property, for purposes of wire fraud, may occur without the defendant

causing a financial or economic loss to the victim.  It is enough if property is taken away from the

6    victim, regardless of value or the economic result, of the taking.  Similarly, the "taking" need not be a

7    permanent taking.  One can intentionally "deprive" another of property while at the same time intending

8    to restore it at a later date.  A good-faith belief that the victim will be repaid and will sustain no loss is

9    no defense at all.

10   *Authority: United States v. Treadwell*, 593 F.3d 990, 996-97 (9th Cir. 2010) ("the intended deprivation

11   under § 1343 need not be a *permanent* 'taking away' of money or property. One can intentionally

12   'deprive' another of property while at the same time intending to restore it at a later date. Thus,

13   in *United States v. Benny*, 786 F.2d 1410 (9th Cir.1986), we upheld jury instructions that stated a good-

14   faith intent to repay money acquired through misrepresentation is not a defense to mail fraud under 18

15   U.S.C. § 1341-a statute which, like § 1343, applies only to wrongdoers 'having devised or intending to

16   devise any scheme or artifice to defraud.' *See id. at*  1417. 'While an honest, good-faith belief in the

17   truth of the misrepresentations may negate intent to defraud, a good-faith belief that the victim will be

18   repaid and will sustain no loss is no defense at all.' *Id.*") (italics in original); *see also id.* at 998.

19

20

21

22

23

24

25

26

27

28

1

2

3

## SCHEME TO DEFRAUD

4

5

To establish a scheme to defraud, the government is not required to prove any particular false statement was made or that such a statement was made directly to a particular victim.

6

7

*Authority: United States v. Ali, 620 F.3d 1062, 1070-71 (9th Cir. 2010)* ("Therefore, we conclude that there is sufficient evidence to demonstrate that Defendants were engaged in a scheme to defraud, even if there were no specific false statements made to Microsoft");*see id.* at 1070 (finding that neither *Cleveland v. United States*, 531 U.S. 12 (2000) nor *United States v. Lew*, 875 F.2d 219 (9th Cir. 1989) preclude the rule that government does not need to prove particular false statement to a victim to prove a scheme to defraud). *See also United States v. David*, 197 Fed.Appx. 564, *1 (9th Cir. 2006) ("The government was not required to prove any specific false statements, only that David devised a scheme with the intent to defraud, and used the mails to execute that scheme.") (citing *United States v. Woods*, 335 F.3d 993, 998 (9th Cir.2003)).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES' PROPOSED JURY INSTRUCTIONS
16-CR-47 EJD                                        65

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IDENTIFIABLE VICTIM**

The government is not required to prove the identity of the victim(s) of the wire fraud, but you must find that there was a victim of the wire fraud.

Authority: *See United States v. Crawford*, 239 F.3d 1086, 1093 (9th Cir. 2001) (affirming wire fraud conviction because "[the] evidence sufficiently supports jury findings that Crawford did not own Frost Flowers, that she knew she did not own it, and that she intended to deprive the owner, *whoever that may have been*, of its use.") (italics added); *see also United States v. Green*, 2007 WL 9706398, *2, No. CR. 05-00208 (N.D.Cal. June 28, 2007) (reconciling *Crawford* with *United States v. Milwitt*, 475 F.3d 1150 (9th Cir. 2007), "*Crawford* merely established that the prosecution need not prove beyond a reasonable doubt the *identity* of the victim. *Milwitt,* on the other hand, requires that there be a victim, not that the government prove the identity of the victim beyond a reasonable doubt."); *United States v. Loftis*, 2018 WL 3193196, *6, No. CR 15-11 (D.Mont. June 27, 2018) (citing with approval *Green's* analysis of *Crawford* and *Milwitt*).

1

2

3

**8.20 CONSPIRACY TO COMMIT MONEY LAUNDERING**

**(18 U.S.C. § 1956(h))**

4

5

6

7

The defendants are charged in Count Six of the indictment with conspiring to commit money laundering in violation of Section 1956(h) of Title 18 of the United States Code. In order for each defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

8

9

First, beginning on or about August 2004, and ending on or about January 2016, there was an agreement between two or more persons to commit money laundering as charged in the indictment; and

10

11

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

12

13

14

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

15

16

17

18

19

20

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

21

22

23

24

25

26

27

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy

28

exists.

*Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*, § 8.20 (2010 ed.) (as modified; approved 1/2019)

1

## 8.147 LAUNDERING MONETARY INSTRUMENTS

2

## (18 U.S.C. § 1956(a)(1)(B))

3

4      The defendants are charged in Counts Seven through Nine in the indictment with laundering

5   money in violation of Section 1956(a)(1)(B) of Title 18 of the United States Code. In order for each

6   defendant to be found guilty of that charge, the government must prove each of the following elements

7   beyond a reasonable doubt:

8      First, the defendant conducted a financial transaction involving property that represented the

9   proceeds of wire fraud;

10      Second, the defendant knew that the property represented the proceeds of some form of unlawful

11   activity;

12      Third, the defendant knew that the transaction was designed in whole or in part [to conceal or

13   disguise the nature, location, source, ownership, or control of the proceeds; and,

14      A financial transaction is a transaction involving the movement of funds by wire or other means

15   that the use of a financial institution that is engaged in, or the activities of which affect interstate or

16   foreign commerce in any way.

17      The phrase "knew that the property represented the proceeds of some form of unlawful activity"

18   means that the defendant knew that the property involved in the transaction represented proceeds from

19   some form, though not necessarily which form, of activity that constitutes a felony. I instruct you that

20   wire fraud is a felony.

21      The term "proceeds" means "any property derived from or obtained or retained, directly or

22   indirectly, through some form of unlawful activity, including the gross receipts of such activity."

23

24

25   *Authority: Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit*,

26   § 8.147 (2010 ed.) (as modified; approved 4/2019).

27

28