JULIA M. JAYNE, State Bar No. 202753
Jayne Law Group, P.C.
483 9th Street, Suite 200
Oakland, CA 94607
Telephone: 415-623-3600
Facsimile: 415-623-3605
julia@jaynelawgroup.com

Attorney for Defendant JONATHAN CHANG

CHRISTOPHER J. CANNON, State Bar No. 88034
MATTHEW A. LAWS, State Bar No. 273697
Sugarman & Cannon
737 Tehama Street, No. 3
San Francisco, CA 94103
Telephone: 415-362-6252
Facsimile: 415-362-6431
chris@sugarmanandcannon.com

Attorneys for Defendant WEILIN CHANG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>JONATHAN CHANG & Defendant WEILIN CHANG,<br><br>　　　　Defendants. | Case No. 16-cr-00047 EJD<br><br>**DEFENDANTS' MOTION *IN LIMINE* NO. #2: OMNIBUS MOTION REGARDING EXCLUSION, ORDER OF TESTIMONY, AND PREPARATION OF TRIAL WITNESSES**<br><br>Pretrial Conference: July 31, 2019<br>Time:　　　　　　1:30 p.m.<br>Dept:　　　　　　Courtroom 1, 5th Floor<br>Judge:　　　　　　Hon. Edward J. Davila<br><br>Date Filed:　　　　July 3, 2019<br><br>Trial Date:　　　　August 13, 2019 |

　　　　DEFENDANTS Jonathan Chang and Weilin Chang, respectfully submit the following Omnibus Motion regarding exclusion, order of testimony and preparation of trial witnesses.

# ARGUMENT

## A. THE COURT SHOULD EXCLUDE ALL GOVERNMENT WITNESSES NOT SPECIFICALLY EXEMPTED UNDER FEDERAL RULE OF EVIDENCE 615

### 1. Defendants Are Entitled to Exclusion of Government Witnesses as a Matter of Law

Federal Rule of Evidence of 615 provides that "[a]t the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses." Rule 615 is intended to ensure a fair trial by preventing collusion of witnesses and fabrication of testimony, and by helping reveal instances where such fabrication or collusion actually occurs. *See Geders v. United States*, 425 U.S. 80, 87 (1976) (observing that the rule "exercise a restraint of witnesses 'tailoring' their testimony to that of earlier witnesses; and it aids in detecting testimony that is less than candid); *see also Taylor v. United States*, 388 F.2d 786, 788 (9th Cir. 1967) (stating that exclusion is designed to "prevent the shaping of testimony by hearing what other witnesses say").

Rule 615 makes the exclusion of witnesses mandatory upon request. In fact, the Ninth Circuit has referred to witness exclusion as a "right." *United States v. Ell*, 718 F.2d 291, 292 (9th Cir. 1983) ("The rule makes the exclusion of witnesses a matter of right and the decision is no longer committed to the court's discretion as it once was."); *United States v. Brewer*, 947 F.2d 404, 407-11 (9th Cir. 1991) ("The use of the word 'shall' makes it clear that a district court must comply with a request for exclusion."). Thus, the Court should grant Defendants' request for exclusion of government witnesses.

### 2. Witnesses Should Be Excluded During Motion Hearings, Opening Statements, and Closing Arguments, As Well As During Witness Testimony

Rule 615 requires that non-exempt witnesses be excluded from the courtroom during all witness testimony; that is, that they should remain excluded even after testifying. See Fed. R. Evid. 615; *see also Ell, supra*, 718 F.2d at 293 (holding that trial court erred by not excluding prosecution witness who had already testified and noting that the dangers against which rule 615 is designed to protect are present when witnesses are only partially excluded since "a rebuttal witness who has already testified…may wish to tailor rebuttal testimony [and] …cover up inconsistencies in earlier testimony").

There is also substantial authority stating that under Rule 615, or through an exercise of a court's inherent powers, it is proper to extend the period of exclusion in order to promote a fair trial. *See United*

*States v. Sepulveda*, 15 F.3d 1161, 1175-77 (1st Cir. 1993) (holding that in addition to the power to exclude under Rule 615 a district court retains inherent power to, "make whatever provisions it deems necessary to manage trials…including the sequestration of witnesses before during and after their testimony" (*citing Geders,* 425 U.S. at 87)); *Brewer*, 947 F.2d at 407-11 (holding that witness exclusion under Rule 615 applies during evidentially hearings, such as those in a motion to suppress); *United States v. Juarez*, 573 F.2d 267, 281 (5th Cir. 1978) (affirming trial court's decision to exclude defendant's witness from closing arguments, "[b]ecause closing arguments of counsel often restate witness testimony, …thus jeopardizing the fairness of a second trial should one be necessary"); *see also 4 Weinstein's Federal Evidence*, § 615.02[2][a] (Matthew Bender 2nd ed. 2000) ("The customary practice is to exercise discretion to exclude prospective witnesses during openings and any arguments or offers of proof when a witness's testimony may be summarized.").

Because the truthfulness of witness testimony and the ability to detect fabricated testimony is best achieved through a comprehensive exclusion order, this Court should extend the scope of its order to cover opening and closing arguments, as well as hearings for pretrial motions.

3. **Only Witnesses Specifically Exempted Under Rule 615 Should Be Permitted To Remain in the Courtroom**

Pursuant to Rule 615, only four categories of witnesses are not subject to the full scope of a court's exclusion order. *See* Fed. R. Evid. 615 (1)-(4) (exempting: (1) a party who is a natural person; (2) a designated representative of a party who is not a natural person; (3) persons essential to the presentation of a party's case; and (4) persons authorized by statute to be present).[1] Each government witness must be excluded unless the government demonstrates that the witness falls within one of the designated exceptions. *See United States v. Jackson*, 60 F.3d 128, 135 (2nd Cir. 1995) (noting that Rule 615 carries a strong presumption in favor of exclusion and that the party opposing exclusion "has the burden of demonstrating why the pertinent Rule 615 exception applies"). The Court should order that the only witnesses specifically exempted under Rule 615 should be permitted to remain in the courtroom.

---

[1] Experts should be exempt. In other words, both sides' experts would be permitted to observe the testimony of their opposing expert.

### 4. No more than one "case agent" should be designated as the government's representative under Rule 615(2).

A federal agent, or a local law enforcement officer working with federal agents, qualifies for exemption from an exclusion order under 615(2). *See* Fed. R. Evid. 615(2); *see also United States v. Thomas*, 835 F.2d 219, 222-23 (9th Cir. 1987) (trial court did not err in allowing FBI agent who also testified to sit at counsel table throughout trial, since agent qualified as officer representing the government). The plain language of Rule 615(2), however, as well as the notes of the Advisory Committee, indicate that only one agent can be exempted under this provision.

The rule speaks of an officer or employee of a party who is not a natural person being designated as "its representative." Fed. R. Evid. 615(2). The drafters chose the singular rather than the plural, not speaking of an entity's right to designate "its representatives." In fact, the Advisory Committee stated that "[a]s the equivalent of the right of a natural-person party, a party which is not a natural person is entitled to have a representative present." Fed. R. Evid. 615 Advisory note. As the Sixth Circuit has observed, "'[a] representative, like 'a' natural person, … and 'an' officer or employee, is singular…we can discern no reason to convert the singular into the plural." *United States v. Pulley*, 922 F.2d 1283, 1286 (6th Cir. 1991). The Advisory Committee's note, as well as the analysis of this note, supports a literal reading of the rule.

Significantly, the majority of Circuit Courts that have addressed the issue of multiple witness-representatives have concluded that only one agent, officer or employee should be designated under Rule 615(2). *See id; United States v. Farnham*, 791 F.2d 331, 334-35 (4th Cir. 1986) (holding as error trial court's decision to allow two government agent-witnesses to remain in courtroom throughout trial); *see also Untied States v. Causey*, 609 F.2d 777, 778 (5th Cir. 1980) (not reaching the issue, but stating in dicta, "from its language it would reasonable be argued that [Rule 615(2)] does not grant counsel for a party the right to designate more than one representative.")

Accordingly, this Court should permit no more than one "case agent" to be designated as the government's representative under Rule 615(2).

//
//

### a. The Designated Case Agent in this Case Should not be Agent Matulich or Agent Campagnolo Because they Viewed Attorney-Client Privileged Materials.

While in most cases, the designated case agent would be the primary investigating agent on the case – here that would be Agent Mark Matulich[2] and Agent David Campagnolo – in this case, these two case agents inexplicably reviewed attorney-client privileged printed materials, did not segregate these materials, and kept this information to themselves until June 5, 2019. It is unclear and unknown to defense counsel specifically what privileged documents the agents reviewed, when they reviewed it, why they reviewed it, and why they didn't bother to tell a prosecutor for four years.

These agents were also purportedly informed on February 24, 2016 by AUSA Amy Rooney not to search any electronic devices because a taint team had been assigned. The taint team was assigned after they were advised by criminal counsel just 20 days after the Indictment was filed that many of the seized electronic devices contained attorney-client privileged communications, given that civil litigation had been underway two years prior to the indictment. However, it is believed that agents nonetheless accessed and printed thousands of pages from the electronic devices.[3]

As a result of these agents' tainted view of the evidence, they should not be permitted to sit with the prosecution team at counsel table or be permitted to testify at trial.[4]

### B. ANY "CASE AGENT" EXEMPT FROM THE COURT'S ORDER OF EXCLUSION SHOULD TESTIFY BEFORE NON-EXEMPT GOVERNMENT WITNESSES OR NOT AT ALL

This section applies to the extent the Government wishes to designate a "case agent" *other than* Agents Matulich or Campagnolo.

When a government witness is exempt from a court order of exclusion under Rule 615, that witness should testify before all other non-exempt government witnesses or not at all. This approach necessarily dovetails with Federal Rule of Evidence 611(a), which provides that "[t]he court shall

---

[2] Government counsel has indicated that they intend to have Agent Matulich sit at counsel table during trial.

[3] Because Defendants do not know when agents accessed the electronic devices, they cannot say for certain whether the printing occurred before or after the assignment of the taint team. This issue is addressed in greater detail in Defendants' Motion in Limine to Suppress Pursuant to the Court's Order. Government counsel has also been advised of this issue through email correspondence.

[4] Government counsel indicated at an earlier date that they may be willing to exclude these agents from trial given their exposure to privileged materials. As of July 11, 2019, the government has apparently had a change of heart and indicated they are reserving the right to call the agents as witnesses.

DEFENDANTS' MOTION IN LIMINE NO. 2
Case No. 16-cr-00047 EJD                                                                                       5

exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence to make the interrogation and presentation effective for the ascertainment of the truth." F. R. Evid. 611(a).

Requiring exempted witnesses to testify first also helps achieve the goals of Rule 615, while simultaneously respecting the dictates of that rule's enumerated exemptions. *See United States v. Mitchell*, 733 F.2d 327, 329 (4th Cir. 1984) ("[B]etter practice suggests that if the [exempt] agent is to testify, he should testify as the Government's first witness, unless…there [are] good reasons otherwise."); *In re United States*, 584 F.2d 666, 667 (5th Cir. 1978) (holding that the agent designated under Rule 615(2) as a government representative could not be excluded; however, it was proper to order the agent to testify at an early stage of the trial); *see also 2 Federal Rules of Evidence Manual*, 1166 (Stephen Salzburg, Michael Martin, Daniel Capra eds. 1998) ("Where a witness falls into one of the exceptions to Rule 615, it does not mean that the policy that drives the Rule is inapplicable…[T]he trial court could use its authority under Rule 611(a) to require the nonsequestered witness to testify early, if not first, in the case.").

Therefore, the Court should order that the exempt government witness (if any) must testify before those witnesses who must be excluded from the courtroom pursuant to Rule 615 or not at all.

### C. WITNESSES SHOULD BE DIRECTED NOT TO READ TRIAL TRANSCRIPTS OR DISCUSS THE CASE OR THEIR TESTIMONY WITH ANYONE OTHER THAN COUNSEL

Rule 615 does not provide clear guidance as to what instructions should be given to excluded witnesses. Numerous courts, however, have acknowledged that in order to achieve the purposes of Rule 615, the district court must direct excluded witnesses not to discuss the case or their testimony with anyone other than counsel. The Tenth Circuit has gone so far as to say that failure to instruct the witnesses about the scope and importance of an exclusion order may warrant reversal on appeal. *See United States v. Buchanan*, 787 F.2d 477, 484-85 (10th Cir. 1986) ("The witnesses should be clearly directed, when the Rule is invoked, that they must all leave the courtroom (with the exceptions the rule permits), and that they are not to discuss the case or what their testimony has been or would be or what occurs in the courtroom with anyone other than counsel for either side).

The First Circuit has made it clear that, in order to err on the side of caution, parties seeking

safeguards against witness corruption or collaboration should make express requests regarding the scope of the exclusion order. *See Sepulveda*, 15 F.3d at 1177.

Following the same rationale, courts have held that reading of trial transcripts also violates the purpose of Rule 615. *See Miller v. Universal City Studios Inc.*, 650 F.2d 1365, 1373 (5th Cir. 1981) ("The opportunity to shape testimony is as great with a witness who reads trial testimony as with one who hears the testimony in open court. The harm may be even more pronounced…because the [witness] need not rely on his memory of the testimony but can thoroughly review and study the transcript in formulating his own testimony.")

Finally, witnesses who fall under one of the Rule 615 exceptions should also be directed not to speak with anyone about the case (other than counsel). *See United States v. Butera*, 677 F.2d 1376, 1380-81 (11th Cir. 1982) (holding that an undercover agent designated as the government's representative, and therefore exempt under Rule 615(2), was nevertheless properly directed not to discuss case with other witnesses).

Thus, this Court should order that government witnesses not read trial transcripts or discuss the case or their testimony with anyone other than government counsel.[5] By the same token, Government counsel should not discuss the testimony of witnesses after they have testified with future witnesses.

## CONCLUSION

For the above reasons, Defendants Jonathan and Weilin Chang respectfully request that their omnibus motion regarding testifying witnesses be granted and that Agent Matulich and Agent Campagnolo be prohibited from sitting as the designated agent and from testifying.

Dated: July 11, 2019                           Respectfully submitted,

                                               /s/
                                               Julia Jayne
                                               Christopher J. Cannon
                                               Matthew A. Laws
                                               Attorneys for Defendants Jonathan & Weilin Chang

---

[5] Again, Defendants request that experts be excluded from this prohibition.