CHRISTOPHER J. CANNON, State Bar No. 88034
MATTHEW A. LAWS, State Bar No. 273697
Sugarman & Cannon
737 Tehama Street, No. 3
San Francisco, CA 94103
Telephone: 415-362-6252
Facsimile: 415-362-6431
chris@sugarmanandcannon.com

Attorneys for Defendant WEILIN CHANG

JULIA M. JAYNE, State Bar No. 202753
Jayne Law Group, P.C.
483 9th Street, Suite 200
Oakland, CA 94607
Telephone: 415-623-3600
Facsimile: 415-623-3605
julia@jaynelawgroup.com

Attorney for Defendant JONATHAN CHANG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 16-cr-00047 EJD |
| Plaintiff, | **DEFENSE JOINT MOTION IN LIMINE NO. 7 FOR PRODUCTION OF <u>BRADY</u> MATERIAL WITNESS INTERVIEW NOTES** |
| vs. | |
| JONATHAN CHANG & WEILIN CHANG, | |
| Defendants. | |

## I. INTRODUCTION

The government has interviewed many witnesses in this case, taken notes of those interviews, and had the unpleasant realization that some of their witnesses will not act as directed by the government. The notes of those witness interviews and interactions are the best evidence of what those witnesses have said and are <u>Brady</u> information to the extent those notes may contradict or contain facts not memorialized in the FBI 302 reports provided to the defense. Accordingly, we request the government be ordered to provide us with the notes of the interviews of government witnesses. We are also requesting the Court order the disclosure of any material which may be exculpatory.[1]

## II. THE INTERVIEW NOTES ARE BRADY MATERIAL AND MUST BE DISCLOSED.

In <u>Brady</u>, the Supreme Court held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." <u>Id.</u> at 86. This rule applies to both exculpatory and impeachment evidence. <u>Horton v. Mayle</u>, 408 F.3d 570 (9th Cir. 2005); <u>United States v. Bagley</u>, 473 U.S. 667, 676 (1985); <u>United States v. Cooper</u>, 173 F.3d 1192, 1202 (9th Cir. 1999).

"Information which might 'have raised opportunities to attack . . . the thoroughness and even good faith of the investigation . . .' constitutes material, exculpatory evidence." <u>United States v. Howell</u>, 231 F.3d 615, 625 (9th Cir. 2000); see also <u>Kyles v. Whitley</u>, 514 U.S. 419, 445 (1995). Similarly, "under Ninth Circuit law, 'evidence is material if it might have been used to impeach a government witness, because if disclosed and used effectively, it may make the difference between conviction and acquittal.' Evidence can be 'used to impeach' a witness even if the evidence is not itself admissible, even to impeach." <u>Paradis v. Arave</u>, 240 F.3d 1169, 1179 (9th Cir. 2001) (quoting <u>Carriger v. Stewart</u>, 132 F.3d 463, 481 (9th Cir. 1997)). Under <u>Brady</u>, the government must disclose Agents' reports containing exculpatory or impeachment material. <u>United States v. Cooper</u>, 173 F.3d 1192, 1202 (9th Cir. 1999); <u>United States v. Zuno-Arce</u>, 44 F.3d 1420, 1425-1426 (9th Cir. 1995) (overruled in part on other

---

[1] Because the government sometimes attempts to distinguish between what it considers to be exculpatory <u>Brady</u> information and impeaching <u>Giglio</u> information, we want to emphasize that under <u>Brady</u> such distinctions are invalid and all exculpatory material must be disclosed in a sufficiently timely manner to be of use to the defense. We are distinguishing between the types of material not because there are differing disclosure obligations, but only because sometimes the government views the two forms of exculpatory information differently.

1  grounds), Valerio v. Crawford, 306 F.3d 742, 764 (9th Cir. 2002).

2  In Benn v. Lambert, 283 F.3d 1040, 1060 (9th Cir. 2002), the Ninth Circuit affirmed the district court's grant of a habeas corpus writ, finding that prosecutors' withholding of a fire inspectors' report was a Brady violation.  That report concluded that a fire was accidental rather than arson, significantly undermining the prosecution's theory that the defendant planned to kill the victims following their joint participation in a fire insurance scheme.  The Ninth Circuit rejected the state's argument that its failure to turn over the report was not a Brady violation since it had turned over a later fire inspection report.  The court concluded that, standing alone, the later report was misleading as to the inspectors' conclusion.  Id. at 1060.

Handwritten notes of investigators, agents, or attorneys which contain exculpatory or impeachment information must also be disclosed under Brady.  Paradis v. Arave, 240 F.3d 1169, 1181 (9th Cir. 2001); United States v. Service Deli Inc., 151 F.3d 938, 944 (9th Cir. 1998).  In Paradis, the Ninth Circuit upheld the district court's grant of a habeas corpus writ where the government had withheld a prosecutor's notes of a police detective's report containing the opinions of a medical examiner who had performed autopsies on murder victims.  Paradis v. Arave, 240 F.3d at 1173, 1181.  The Ninth Circuit emphasized that the notes should have been disclosed even if they would have been inadmissible due to the multiple layers of hearsay, as the notes would have been "very useful" to the defense in cross-examining the medical examiner.  Because the examiner's testimony contradicted the notes, the defense could have called the police detective to testify regarding the examiner's prior inconsistent statements. Id. at 1179-1180.

In United States v. Service Deli Inc., 151 F.3d at 944, the Ninth Circuit vacated the defendant's conviction where the government had failed to produce a government attorney's handwritten notes of her interviews with the government's principal witness.  Although the government had provided the defense with a typewritten summary of the interviews, the court compared that summary with the notes and found several discrepancies, omitting information which could have been used to impeach the witness. Id. at 943-944.

The government must disclose exculpatory evidence in the agent's possession without regard to the prosecutors' knowledge of that evidence.  The government's Brady obligation "is independent of

whether, at the time, the prosecutor knew of the favorable evidence or appreciated its significance." United States v. Antonakeas, 255 F.3d 714, 725 (9th Cir. 2000) (citing Kyles v. Whitley, 514 U.S. at 437-8). In Kyles, the Supreme Court reversed a conviction where the police had withheld evidence which would have impeached the credibility of "Beanie," an acquaintance of the petitioner, who had advised the police that petitioner was the perpetrator and of where and when they could locate evidence incriminating the petitioner. Kyles v. Whitley, 514 U.S. at 454. The Supreme Court stressed that the prosecution was required to disclose the evidence even though the police had not given it to the prosecution: "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." Id. at 437.

    Similarly, the Ninth Circuit has emphasized that:

> [e]ven if the prosecutors were not hiding the statement until the defense could no longer make practical use of it, it is the government's, not just the prosecutor's conduct which may give rise to a Brady violation. Prosecutors and investigators must often be tempted, in the service of what they see to be justice and protection of the public from crime, to increase the probability of success by depriving the defense of evidence which might tend, in their view, to confuse and mislead the jury. Exculpatory evidence cannot be kept out of the hands of the defense just because the prosecutor does not have it, where an investigating agency does.

United States v. Zuno-Arce, supra, 44 F.3d at 1427.

    A defendant is entitled to the disclosure of Brady material contained in probation reports. United States v. Strifler, 851 F.2d 1197, 1201 (9th Cir.1988) (citing Brady, 373 U.S. at 87); United States v. Alvarez, 358 F.3d 1194, 1207 -1208 (9th Cir. 2004) (abrogated on other grounds by Blakely v. Washington, 542 U.S. 296 (2004)). "A defendant is entitled to material in a probation file that bears on the credibility of a significant witness in the case." United States v. Alvarez, 358 F.3d at 1207 -1208. In Strifler, the Ninth Circuit indicated that the trial judge must review the probation reports to determine whether they contain discoverable information and that "the trial court must release what it finds relevant, material and probative as to the witnesses [sic] credibility." United States v. Strifler, 851 F.2d at 1202. Evidence affecting the credibility of government witnesses is material under Brady. United States v. Shaffer, 789 F.2d 682, 689 (9th Cir. 1986).

### III. CONCLUSION

Accordingly, this Court should direct the government to provide the defense with all notes of interviews, prosecution memos regarding witness interviews, for any witnesses the government either intends to call or believes may have knowledge of any of the facts related to this case.

Dated: JULY 11, 2019                    Respectfully submitted,

                                                          /s/
                                         Christopher J. Cannon
                                         Matthew A. Laws
                                         Attorneys for WEILIN CHANG

                                                          /s/
                                         Julia M. Jayne
                                         Attorney for JONATHAN CHANG