CHRISTOPHER J. CANNON, State Bar No. 88034
MATTHEW A. LAWS, State Bar No. 273697
Sugarman & Cannon
737 Tehama Street, No. 3
San Francisco, CA 94103
Telephone: 415-362-6252
Facsimile: 415-362-6431
chris@sugarmanandcannon.com

Attorneys for defendant WEILIN CHANG

JULIA M. JAYNE, State Bar No. 202753
Jayne Law Group, P.C.
483 9th Street, Suite 200
Oakland, CA 94607
Telephone: 415-623-3600
Facsimile: 415-623-3605
julia@jaynelawgroup.com

Attorney for defendant JONATHAN CHANG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>                  vs.<br><br>JONATHAN CHANG & WEILIN CHANG,<br><br>             defendants. | Case No. 16-cr-00047 EJD<br><br>**DEFENDANTS JONATHAN & WEILIN CHANG'S JOINT PROPOSED JURY INSTRUCTIONS** |

Defendants WEILIN CHANG and JONATHAN CHANG, through counsel, Christopher J. Cannon and Julia Jayne, respectively, hereby submit proposed jury instructions.[1]  The defense reserves the right to propose modified or additional instructions as warranted during trial. [2]

---

[1] The government declined to join these instructions.

[2] All instructions, unless otherwise noted, are taken from the Manual of Model Criminal Jury Instructions, *Last updated 6/2019*.

# **TABLE OF CONTENTS**

I.      PRELIMINARY INSTRUCTIONS ..................................................................................1

    1.      INSTRUCTION NO. 1 – Duty of Jury: .................................................................1

    2.      INSTRUCTION NO. 2 – The Charge-Presumption of Innocence: ......................2

    3.      INSTRUCTION NO. 3 – What Is Evidence: ........................................................3

    4.      INSTRUCTION NO. 4 – What Is Not Evidence: .................................................4

    5.      INSTRUCTION NO. 5 – Direct and Circumstantial Evidence: ...........................5

    6.      INSTRUCTION NO. 6 – Ruling on Objections: ..................................................6

    7.      INSTRUCTION NO. 7 – Credibility of Witnesses: ............................................7

    8.      INSTRUCTION NO. 8 – Conduct of the Jury: ....................................................8

    9.      INSTRUCTION NO. 9 – No Transcript Available to Jury: ...............................10

    10.     INSTRUCTION NO. 10 – Taking Notes: ..........................................................11

    11.     INSTRUCTION NO. 11 – Outline of Trial: .......................................................12

    12.     INSTRUCTION NO. 12 – Jury to Be Guided by English Translation / Interpretation: .....................................................................................................13

    13.     INSTRUCTION NO. 13 – Separate Consideration for Each Defendant: ..........14

    14.     INSTRUCTION NO. 14 – Bench Conferences and Recesses: ...........................15

    15.     INSTRUCTION NO. 15 – Charge Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof: ......................................................................16

    16.     INSTRUCTION NO. 16 – Reasonable Doubt—Defined: ..................................17

    17.     INSTRUCTION NO. 17 – Opinion Evidence, Expert Witness: ........................18

II.     INSTRUCTIONS IN THE COURSE OF TRIAL .......................................................19

    18.     INSTRUCTION NO. 18 – Cautionary Instruction—First Recess: ...................19

    19.     INSTRUCTION NO. 19 – Stipulations of Fact: .................................................20

    20.     INSTRUCTION NO. 20 – Judicial Notice: ........................................................21

III.    INSTRUCTIONS AT END OF CASE ........................................................................22

    21.     INSTRUCTION NO. 21 – Duties of Jury to Find Facts and Follow Law: .......22

    22.     INSTRUCTION NO. 22 – Charge Against defendant Not Evidence—Presumption of Innocence—Burden of Proof: ......................................................................23

23. INSTRUCTION NO. 23 – Defendant's Decision Not to Testify:......................................24

24. INSTRUCTION NO. 24 – Defendant's Decision to Testify:.............................................25

25. INSTRUCTION NO. 25 – Reasonable Doubt – Defined:..................................................26

26. INSTRUCTION NO. 26 – What Is Evidence:...................................................................27

27. INSTRUCTION NO. 27 – What Is Not Evidence:............................................................28

28. INSTRUCTION NO. 28 – Direct and Circumstantial Evidence:......................................29

29. INSTRUCTION NO. 29 – Credibility of Witnesses: ........................................................30

30. INSTRUCTION NO. 30 – Activities Not Charged:..........................................................31

31. INSTRUCTION NO. 31 - Separate Consideration of Multiple Counts-Single Defendant..........................................................................................................................32

32. INSTRUCTION NO. 32 - Separate Consideration of Single Count-Multiple Defendants: ......................................................................................................................33

33. INSTRUCTION NO. 33 – Separate Consideration of Multiple Counts - Multiple Defendants: ......................................................................................................................34

34. INSTRUCTION NO. 34 – On or About—Defined:..........................................................35

35. INSTRUCTION NO. 35 – Statements by Defendant:.......................................................36

36. INSTRUCTION NO. 36 – Foreign Language Testimony:................................................37

37. INSTRUCTION NO. 37 – Government's Use of Undercover Agents and Informants:......................................................................................................................38

38. INSTRUCTION NO. 38 – Charts and Summaries Not Admitted into Evidence:.............39

39. INSTRUCTION NO. 39 – Charts and Summaries Admitted into Evidence:....................40

40. INSTRUCTION NO. 40– Duty to Deliberate: ..................................................................41

41. INSTRUCTION NO. 41 – Consideration of Evidence – Conduct of the Jury:................42

42. INSTRUCTION NO. 42 – Use of Notes: ..........................................................................43

43. INSTRUCTION NO. 43 – Jury Consideration of Punishment: ........................................44

44. INSTRUCTION NO. 44 – Verdict Form: ..........................................................................45

45. INSTRUCTION NO. 45 – Communication with Court: ...................................................46

46. INSTRUCTION NO. 46 – Conspiracy to Commit Wire Fraud: ......................................47

47. INSTRUCTION NO. 47 – Wire Fraud:.............................................................................49

48. INSTRUCTION NO. 48 – Transfer of Property Required:...............................................50

49.   INSTRUCTION NO. 49 – Conspiracy to Commit Money Laundering:...........................51

50.   INSTRUCTION NO. 50 – Laundering or Attempting to Launder Monetary Instruments:.........................................................................................................................53

51.   INSTRUCTION NO. 51 – Money Laundering: .......................................................54

52.   INSTRUCTION NO. 52 – Specific Intent-General Intent ................................................55

53.   INSTRUCTION NO. 53 – Willfully – Defined: ......................................................56

54.   INSTRUCTION NO. 54 – Knowingly – Defined: .........................................................57

55.   INSTRUCTION NO. 55 – Advice of Counsel: ........................................................58

56.   INSTRUCTION NO. 56 – Intent to Defraud: ..................................................59

57.   INSTRUCTION NO. 57 – Good Faith:.......................................................................60

58.   INSTRUCTION NO. 58 - Defense Theory of the Case: ....................................................62

59.   INSTRUCTION NO. 59 - Supplemental Proposed Jury Instruction:...............................63

I.      **PRELIMINARY INSTRUCTIONS**

    **1. INSTRUCTION NO. 1 – Duty of Jury:**

    Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial I will give you more detailed instructions that will control your deliberations.  When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, sympathy or biases, including unconscious bias.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.  In addition, please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be—that is entirely up to you.

    (Ninth Circuit Model Instruction No. 1.1, *Modified by:* Taken from Washington District Court unconscious bias Instruction.)

1

2      **2.   INSTRUCTION NO. 2 – The Charge-Presumption of Innocence:**

3          This is a criminal case brought by the United States government.  The government charges

4      JONATHAN CHANG and WEILIN GRACE CHANGE in Count 1 with conspiracy to commit wire

5      fraud, in Counts 2 through 5 with using the wires to execute a scheme to defraud, in Count 6 with

6      conspiracy to commit money laundering, and in Counts 7 through 9 with money laundering.

7          The charges against the defendants are contained in the Indictment.  The Indictment simply

8      describes the charges the government brings against the defendants.  The Indictment is not evidence and

9      does not prove anything.

10         Mr. and Mrs. Chang have pleaded not guilty to the charges and are presumed innocent unless and

11     until the government proves the defendants guilty beyond a reasonable doubt.  In addition, the defendants

12     have the right to remain silent and never have to prove innocence or to present any evidence.  The

13     government has the burden of proving every element of the charges beyond a reasonable doubt.

14

15         (Ninth Circuit Model Instruction No. 1.2)

16

17

18

19

20

21

22

23

24

25

26

27

28

---

DEFENDANTS JONATHAN & WEILIN CHANG'S JOINT PROPOSED JURY INSTRUCTIONS
Case No. 16-cr-00047 EJD                                                                          2

### 3.   INSTRUCTION NO. 3 – What Is Evidence:

The evidence you are to consider in deciding what the facts are consists of:

      (1) the sworn testimony of any witness; [and]

      (2) the exhibits received in evidence[.][;and]

      [(3) any facts to which the parties agree.]

(Ninth Circuit Model Instruction No. 1.3)

**4.  INSTRUCTION NO. 4 – What Is Not Evidence:**

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

(Ninth Circuit Model Instruction No. 1.4)

**5. INSTRUCTION NO. 5 – Direct and Circumstantial Evidence:**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

(Ninth Circuit Model Instruction No. 1.5)

**6.  INSTRUCTION NO. 6 – Ruling on Objections:**

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered, or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

(Ninth Circuit Model Instruction No. 1.6)

**7.  INSTRUCTION NO. 7 – Credibility of Witnesses:**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

*You must avoid bias, conscious or unconscious, based on the witness's race, color, religious beliefs, national origin, sexual orientation, gender identity, or gender in your determination of credibility*.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

(Ninth Circuit Model Instruction No. 1.7, modified with additional caution regarding bias)

**8. INSTRUCTION NO. 8 – Conduct of the Jury:**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have

taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

(Ninth Circuit Model Instruction No. 1.8)

**9.  INSTRUCTION NO. 9 – No Transcript Available to Jury:**

At the end of the trial you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

(Ninth Circuit Model Instruction No. 1.9)

**10. INSTRUCTION NO. 10 – Taking Notes:**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you from being attentive.  When you leave court for recesses, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

(Ninth Circuit Model Instruction No. 1.10)

**11. INSTRUCTION NO. 11 – Outline of Trial:**

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine.  Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

(Ninth Circuit Model Instruction No. 1.11)

**12. INSTRUCTION NO. 12 – Jury to Be Guided by English Translation / Interpretation:**

A language other than English will be used for some evidence during this trial.  When a witness testifies in another language, the witness will do so through an official court interpreter.

The evidence you are to consider and on which you must base your decision is only the English-language interpretation provided through the official court interpreters.  Although some of you may know the non-English language used, you must disregard any meaning of the non-English words that differs from the official interpretation.

You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

(Ninth Circuit Model Instruction No. 1.12)

**13. INSTRUCTION NO. 13 – Separate Consideration for Each Defendant:**

Although the defendants are being tried together, you must give separate consideration to each defendant.  In doing so, you must determine which evidence in the case applies to each defendant, disregarding any evidence admitted solely against some other defendant.  The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to any other defendant.

(Ninth Circuit Model Instruction No. 1.13)

**14. INSTRUCTION NO. 14 – Bench Conferences and Recesses:**

From time to time during the trial, it may become necessary for me to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you were waiting, we were working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do did what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

(Ninth Circuit Model Instruction No. 2.2)

**15. INSTRUCTION NO. 15 – Charge Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof:**

The Indictment is not evidence.  The defendants have pleaded not guilty to the charges.  Each defendant is presumed to be innocent unless and until the government proves each defendant guilty beyond a reasonable doubt.  In addition, the defendants do not have to testify or present any evidence. The defendants do not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

(Ninth Circuit Model Instruction No. 3.2)

**16. INSTRUCTION NO. 16 – Reasonable Doubt—Defined:**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

(Ninth Circuit Model Instruction No. 3.5)

**17. INSTRUCTION NO. 17 – Opinion Evidence, Expert Witness:**

You [have heard] [are about to hear] testimony from [name] who [testified] [will testify] to opinions and the reasons for [his] [her] opinions.  This opinion testimony is allowed because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

(Ninth Circuit Model Instruction No. 4.14)

## II.   INSTRUCTIONS IN THE COURSE OF TRIAL

### 18. INSTRUCTION NO. 18 – Cautionary Instruction—First Recess:

We are about to take our first break.  Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you.  This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  If anyone tries to communicate with you about the case, please let me know about it immediately.  Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information.  Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own.  Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the [marshal] [bailiff] [clerk] to give to me.

(Ninth Circuit Model Instruction No. 2.1)

**19. INSTRUCTION NO. 19 – Stipulations of Fact:**

The parties have agreed to certain facts that have been stated to you.  Those facts are now conclusively established.

The parties have stipulated as follows:

       1.     XXX

       2.     XXX.

       3.     XXX.

       4.     XXX.

       5.     XXX

(Ninth Circuit Model Instruction No. 2.4)

**20. INSTRUCTION NO. 20 – Judicial Notice:**

The court has decided it is not necessary to receive evidence of the fact that [insert fact noticed e.g., the city of San Francisco is north of the city of Los Angeles] [because this fact is of such common knowledge].  You may, but are not required to, accept this fact as true.


(Ninth Circuit Model Instruction No. 2.5)


An instruction regarding judicial notice should be given at the time notice is taken.  "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Although the court must instruct a jury in a civil case to accept as conclusive any fact judicially noticed, "[i]n a criminal case, the court shall instruct the jury that it may, but is not required to, accept as conclusive any fact judicially noticed." Fed. R. Evid. 201(g).  Thus, in United States v. Chapel, 41 F.3d 1338 (9th Cir.1994), the trial court correctly took judicial notice of a bank's FDIC status because the evidence established its status "was not subject to reasonable dispute." Id. at 1342.  Moreover, the court did not "usurp the jury's fact-finding role by taking judicial notice" when it instructed the jury that "you may accept the court's declaration as evidence and regard as proved the fact or event which has been judicially noticed.  You are not required to do so, however, since you are the sole judges of the facts." Id.

### III.    INSTRUCTIONS AT END OF CASE

### 21. INSTRUCTION NO. 21 – Duties of Jury to Find Facts and Follow Law:

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

(Ninth Circuit Model Instruction No. 3.1)

**22. INSTRUCTION NO. 22 – Charge Against defendant Not Evidence—Presumption of Innocence—Burden of Proof:**

The Indictment is not evidence.  The defendants have pleaded not guilty to the charges.  Each defendant is presumed to be innocent unless and until the government proves each defendant guilty beyond a reasonable doubt.  In addition, the defendants do not have to testify or present any evidence. The defendants do not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

(Ninth Circuit Model Instruction No. 3.2)

**23. INSTRUCTION NO. 23 – Defendant's Decision Not to Testify:**

A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that a defendant did not testify.

(Ninth Circuit Model Instruction No. 3.3)

**24. INSTRUCTION NO. 24 – Defendant's Decision to Testify:**

A defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

(Ninth Circuit Model Instruction No. 3.4)

**25. INSTRUCTION NO. 25 – Reasonable Doubt – Defined:**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

(Ninth Circuit Model Instruction No. 3.5)

**26. INSTRUCTION NO. 26 – What Is Evidence:**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness; [and]

(2) the exhibits received in evidence[.] [; and]

[(3) any facts to which the parties have agreed.]


(Ninth Circuit Model Instruction No. 3.6)

**27. INSTRUCTION NO. 27 – What Is Not Evidence:**

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, and will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3. Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

(Ninth Circuit Model Instruction No. 3.7)

**28. INSTRUCTION NO. 28 – Direct and Circumstantial Evidence:**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.


(Ninth Circuit Model Instruction No. 3.8)

**29. INSTRUCTION NO. 29 – Credibility of Witnesses:**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

(Ninth Circuit Model Instruction No. 3.9)

**30. INSTRUCTION NO. 30 – Activities Not Charged:**

You are here only to determine whether the defendants are guilty or not guilty of the charges in the Indictment.  The defendants are not on trial for any conduct or offense not charged in the Indictment.

(Ninth Circuit Model Instruction No. 3.10)

### 31. INSTRUCTION NO. 31 - Separate Consideration of Multiple Counts-Single Defendant

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

(Ninth Circuit Model Instruction No. 3.11)

**32. INSTRUCTION NO. 32 - Separate Consideration of Single Count-Multiple Defendants:**

A separate crime is charged against each defendant. The charges have been joined for trial. You must consider and decide the case of each defendant separately. Your verdict as to one defendant should not control your verdict as to any other defendant. All the instructions apply to each defendant [unless a specific instruction states that it applies to only a specific defendant].

(Ninth Circuit Model Instruction No. 3.12)

### 33. INSTRUCTION NO. 33 – Separate Consideration of Multiple Counts - Multiple Defendants:

A separate crime is charged against one or more of the defendants in each count.  The charges have been joined for trial.  You must decide the case of each defendant on each crime charged against that defendant separately.  Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All the instructions apply to each defendant and to each count unless a specific instruction states that it applies only to a specific defendant or a specific count.

(Ninth Circuit Model Instruction No. 3.13)

**34. INSTRUCTION NO. 34 – On or About—Defined:**

The Indictment charges that the offenses alleged in each Count were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in each Count of the Indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

(Ninth Circuit Model Instruction No. 3.18)

**35. INSTRUCTION NO. 35 – Statements by Defendant:**

You have heard testimony that a defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

(Ninth Circuit Model Instruction No. 4.1)

**36. INSTRUCTION NO. 36 – Foreign Language Testimony:**

You have heard testimony of a witness who testified in the Chinese language.  Witnesses who do not speak English or are more proficient in another language testify through an official interpreter.  Although some of you may know the Chinese language, it is important that all jurors consider the same evidence.  Therefore, you must accept the interpreter's translation of the witness's testimony.  You must disregard any different meaning.

You must not make any assumptions about a witness or a party based solely on the fact that an interpreter was used.

(Ninth Circuit Model Instruction No. 3.17)

**37. INSTRUCTION NO. 37 – Government's Use of Undercover Agents and Informants:**

You have heard testimony from [an undercover agent] [an informant] who was involved in the government's investigation in this case.  Law enforcement officials may engage in stealth and deception, such as the use of informants and undercover agents, in order to investigate criminal activities. Undercover agents and informants may use false names and appearances and assume the roles of members in criminal organizations.

(Ninth Circuit Model Instruction No. 4.10)

**38. INSTRUCTION NO. 38 – Charts and Summaries Not Admitted into Evidence:**

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case.  These charts and summaries were not admitted in evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

(Ninth Circuit Model Instruction No. 4.16)

**39. INSTRUCTION NO. 39 – Charts and Summaries Admitted into Evidence:**

Certain charts and summaries have been admitted into evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

(Ninth Circuit Model Instruction No. 4.17)

**40. INSTRUCTION NO. 40– Duty to Deliberate:**

When you begin your deliberations, elect one member of the jury as your [presiding juror] [foreperson] who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religion, national ancestry, or gender[, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community].

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.


(Ninth Circuit Model Instruction No. 7.1)

**41. INSTRUCTION NO. 41 – Consideration of Evidence – Conduct of the Jury:**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

(Ninth Circuit Model Instruction No. 7.2)

**42. INSTRUCTION NO. 42 – Use of Notes:**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

(Ninth Circuit Model Instruction No. 7.3)

**43. INSTRUCTION NO. 43 – Jury Consideration of Punishment:**

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

(Ninth Circuit Model Instruction No. 7.4)

**44. INSTRUCTION NO. 44 – Verdict Form:**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

(Ninth Circuit Model Instruction No. 7.5)

**45. INSTRUCTION NO. 45 – Communication with Court:**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

(Ninth Circuit Model Instruction No. 7.6)

**46. INSTRUCTION NO. 46 – Conspiracy to Commit Wire Fraud:**

JONATHAN CHANG and WEILIN GRACE CHANG are charged in Count 1 of the indictment with conspiring to commit wire fraud.  In order for Mr. Chang or Mrs. Chang to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about September 2004 and ending on or about January 2016, there was an agreement between Mr. Chang and Mrs. Chang to devise a scheme or plan to defraud as to a material matter, or a scheme or plan for obtaining money or property by means of materially false or fraudulent pretenses, representations, or promises;

Second, Mr. Chang or Mrs. Chang became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it;

Third, one of the members of the conspiracy – Mr. or Mrs. Chang -- performed at least one overt act on or after September 2004 for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

I shall discuss with you briefly the law relating to each of these elements.[3]

A conspiracy is a kind of criminal partnership – an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.[4]

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing

---

[3] *United States v. Reyes*, No CR 06-0556-1 CRB (ECF No. 158), 2010 WL 1623968 (N.D.Cal. Mar. 23, 2010).

[4] *United States v. Green*, 592 F.3d 1057, 1067 (9th Cir. 2010) (quotation marks omitted); *United States v. Ball*, No. 15-10319, — F. App'x —, 2017 WL 4231568, at *1 (9th Cir. Sept. 25, 2017) (unpublished).

conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, or merely by knowing that a conspiracy exists.

(Ninth Circuit Model Instruction 8.20, *modified*)

**47. INSTRUCTION NO. 47 – Wire Fraud:**

JONATHAN CHANG and WEILIN GRACE CHANG are charged in Counts 2, 3, 4, and 5 of the indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code.  In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property [from the person deceived] by means of false or fraudulent pretenses, representations, or promises;

Second, the statements made as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to obtain money or property through deception or cheating or cheating; and

Fourth, the defendant used, or caused to be used, an interstate or foreign wire communication to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate or foreign in nature.  Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and an interstate or foreign wire communication must have actually occurred in furtherance of the scheme.

(Ninth Circuit Model Instruction 8.124, *as modified* to clarify requirement that there be a transfer of money or property.  See also United States v. LeVeque, 283 F.3d 1098, 1102 (9th Cir. 2002) (reversing conviction because even though there was an intent to defraud by false statements there was no proof of intent to defraud of money or property.))

**48. INSTRUCTION NO. 48 – Transfer of Property Required:**

A conviction for wire fraud requires a transfer of money or property from the deceived victim to the perpetrator of the fraud.

_____

The elements of wire fraud are (1) a scheme to defraud (2) an intended victim (3) and a transfer of a traditionally recognized form of property.  18 U.S.C. § 1341; 18 U.S.C. § 1343.  In order to state a claim of fraud, the government must prove: (1) a victim; and (2) a scheme to defraud that particular victim; (3) of a traditionally recognized form of property.  See Pasquantino v. United States, 544 U.S. 349 (2005); McNally v. United States, 483 U.S. 350, 356 (1987); Carpenter v. United States, 484 U.S. 19, 19-20 (1987); Cleveland v. United States, 531 U.S. 12, 24 (2000); United States v. Milwitt, 475 F.3d 1150 (9th Cir. 2007); United States v. Lew, 875 F.2d 219, 221 (9th Cir. 1989).

In United States v. Phillips, 704 F.3d 754 (9th Cir. 2012), the Ninth Circuit reaffirmed the requirement that mail fraud requires a taking from the alleged victim, and that the crime is complete upon that taking.  Subsequent acts using the fruits of the taking are not sufficient to satisfy the requirements of federal mail fraud.  Id. at 763; see also United States v. Maze, 414 U.S. 395, 399-400 (1974); Salman v. United States, 137 S. Ct. 420, 428 (2016).

In order for a defendant to be convicted of fraud, his intent "must be to obtain money or property _from the one who is deceived_."  United States v. Lew, supra, 875 F.2d at 221 (emphasis added); United States v. Milwitt, 475 F 3d 1150 (9th Cir. 2007).  "This convergence of identity seems inherent in the idea of fraud as provided in the fraud statutes and defined by the Supreme Court in McNally."  Mylan Laboratories v. Akzo, N.V., 770 F.Supp.1053, 1073 (D.Md. 1991).

**49. INSTRUCTION NO. 49 – Conspiracy to Commit Money Laundering:**

JONATHAN CHANG and WEILIN GRACE CHANG are charged in Count 6 of the indictment with conspiring to commit money laundering.  In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about August 2004 and ending on or about January 2016, Mr. Chang and Mrs. Chang entered into a conspiracy to conduct a financial transaction involving property that represented the proceeds of wire fraud, the defendants knew that the property represented the proceeds of some form of unlawful activity; and the defendants knew that the transaction was designed in whole or in part [to conceal or disguise the [nature] [location] [source] [ownership] [control] of the proceeds] [to avoid a transaction reporting requirement under state or federal law];

Second, Mr. Chang or Mrs. Chang became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it;

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership – an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by

associating with one or more persons who are conspirators, or merely by knowing that a conspiracy exists.

_____

(18 U.S.C. §§ 1956(a)(l)(B)(i) and 1956(h); <u>Whitfield v United States</u> (2005) 543 US 209; <u>United States v. Alghazouli</u>, 517 F.3d 1179, 1189 (9th Cir. 2008); Ninth Circuit Model Instruction 8.20).

**50. INSTRUCTION NO. 50 – Laundering or Attempting to Launder Monetary Instruments:**

The defendants are charged in Counts 7, 8, and 9 of the Indictment with **laundering** money in violation of Section 1956(a)(1)(B) of Title 18 of the United States Code.  In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant conducted a financial transaction involving property that represented the proceeds of wire fraud;

Second, the defendant knew that the property represented the proceeds of some form of wire fraud; and

Third, the defendant knew that the transaction was designed in whole or in part [to conceal or disguise the [nature] [location] [source] [ownership] [control] of the proceeds]; and

Fourth, the defendant did something that was a substantial step toward committing the crime and that strongly corroborated the defendant's intent to commit the crime.

Mere preparation is not a substantial step toward committing the crime.  To constitute a substantial step, a defendant's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances.

The phrase "knew that the property represented the proceeds of some form of unlawful activity" means that the defendant knew that the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a felony.  I instruct you that wire fraud is a felony.


(Ninth Circuit Model Instruction No. 8.147.  Paragraph 7, " Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward the commission of a crime," omitted as a violation of Defendants' Right to a Unanimous Verdict).

**51. INSTRUCTION NO. 51 – Money Laundering:**

The defendants are charged in Counts Seven, Eight and Nine of the indictment with money laundering in violation of Section 1957 of Title 18 of the United States Code.  In order for the defendants to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly engaged or attempted to engage in a monetary transaction;

Second, the defendant knew the transaction involved criminally derived property;

Third, the property had a value greater than $10,000;

Fourth, the property was, in fact, derived from *wire fraud and conspiracy to commit wire fraud*; and

Fifth, the transaction occurred in the United States.

The term "monetary transaction" means the [deposit] [withdrawal] [transfer] or [exchange], in or affecting interstate commerce, of funds or a monetary instrument by, through, or to a financial institution. [The term "monetary transaction" does not include any transaction necessary to preserve a person's right to representation as guaranteed by the Sixth Amendment to the Constitution.]

The term "financial institution" means [identify type of institution listed in 31 U.S.C. § 5312 as alleged in the indictment].

The term "criminally derived property" means any property constituting, or derived from, the proceeds of a criminal offense. The government must prove that the defendant knew that the property involved in the monetary transaction constituted, or was derived from, proceeds obtained by some criminal offense. The government does not have to prove that the defendant knew the precise nature of that criminal offense, or knew the property involved in the transaction represented the proceeds of [specified unlawful activity as alleged in the indictment].

Although the government must prove that, of the property at issue more than $10,000 was criminally derived, the government does not have to prove that all of the property at issue was criminally derived.

(Ninth Circuit Jury Instruction No. 8.150, *as modified*)

DEFENDANTS JONATHAN & WEILIN CHANG'S JOINT PROPOSED JURY INSTRUCTIONS
Case No. 16-cr-00047 EJD                                                                                      54

1      **52. INSTRUCTION NO. 52 – Specific Intent-General Intent**

2

3
(Ninth Circuit Model Instruction No. 5.4)
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**53. INSTRUCTION NO. 53 – Willfully – Defined:**

Certain allegations in the indictment require that the government prove beyond a reasonable doubt that the defendant acted willfully.  Willfully means to act with the intent to do something the law forbids; that is, with a bad purpose to disobey or disregard the law.  The government does not have to prove that a defendant knew he was violating a particular statute.  However, a defendant cannot be convicted of a crime unless the government proves that he engaged in conscious wrongdoing with a sufficiently culpable state of mind to support a criminal conviction.  A defendant's conduct is not willful if it was due to negligence, inadvertence, or mistake.

(Ninth Circuit Model Instruction No. 5.5, modified)

**54. INSTRUCTION NO. 54 – Knowingly – Defined:**

An act is done knowingly if the defendant is aware of the act and does not [act] [fail to act] through ignorance, mistake, or accident. [The government is not required to prove that the defendant knew that [his] [her] acts or omissions were unlawful.] You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly

(Ninth Circuit Model Instruction No. 5.7)

**55. INSTRUCTION NO. 55 – Advice of Counsel:**

One element that the government must prove beyond a reasonable doubt is that the defendant had the unlawful intent to [specify applicable unlawful act].  Evidence that the defendant in good faith followed the advice of counsel would be inconsistent with such an unlawful intent.  Unlawful intent has not been proved if the defendant, before acting, made full disclosure of all material facts to an attorney, received the attorney's advice as to the specific course of conduct that was followed, and reasonably followed the attorney's recommended course of conduct or advice in good faith.

(Ninth Circuit Model Instruction No. 5.10)

**56. INSTRUCTION NO. 56 – Intent to Defraud:**

An intent to defraud is an intent to deceive or cheat.

(Ninth Circuit Model Instruction No. 5.12)

**57. INSTRUCTION NO. 57 – Good Faith:**

Good faith is a complete defense to the charges of wire fraud and conspiracy to commit wire fraud.  While the term "good faith" has no precise definition, it means, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another. An honestly held opinion or an honestly formed belief cannot provide a basis for fraudulent intent—even if the opinion or belief is mistaken.

JONATHAN CHANG and GRACE CHANG are not required to prove good faith.  It is the government's burden to prove beyond a reasonable doubt that Jonathan and Weilin Chang acted with the intent to defraud, that is, the intent to deceive or cheat.

When you consider this good faith defense, it is a defendant's belief that is important.  It is the sincerity of the belief that determines if they acted in good faith.  If a defendant's belief is unreasonable, you may consider that in determining his sincerity of belief, but an unreasonable belief sincerely held is good faith.

The burden is upon the government to prove, beyond a reasonable doubt, that a defendant did not act in good faith.  Unless you find beyond a reasonable doubt that the conduct charged against a defendant was not done in good faith, you must find the defendant not guilty of all charges.

In determining whether or not a defendant acted in good faith you may consider all the evidence in the case which relates to that conduct.

_____

United States v. Molinaro, 11 F.3d 853 (9th Cir. 1993) (approving good faith instruction); United States v. Prince, 10-cr-00153-CRB, 2011 U.S. Dist. LEXIS 143149, at *11 n.3 (N.D. Cal. Dec. 13, 2011); United States v. Amlani, 111 F.3d 705, 717-18 (9th Cir. 1997); United States v. French, 748 F.3d 922, 938 (9th Cir. 2014); United States v. Benny, 786 F.2d 1410, 1417 (9th Cir. 1986).); United States v. Reyes, No. CR 06-0556-1 CRB (ECF No. 1158), 2010 WL 1623968 (N.D. Cal. Mar. 23, 2010) (Judge Breyer gave the following instruction: "It is the government's burden to prove beyond a reasonable doubt that Mr. Reyes acted with an intent to commit the offenses charged.  Good faith on the part of Mr. Reyes is inconsistent with a finding that Mr. Reyes knowingly or willfully committed any of the alleged offenses.  Thus, if the evidence in the case leaves you with a reasonable doubt about whether Mr. Reyes

acted with intent to commit the crime alleged in a particular count, or instead whether he possessed a good-faith belief that the alleged false or misleading statements were in fact accurate, you must find Mr. Reyes not guilty on that count." Other courts have issued similar instructions. See, e.g., <u>United States v. Kenner</u>, No. 13- CR-0607 (S-2) (JFB), 2015 WL 4504039 (E.D.N.Y. July 6, 2015); <u>United States v. Williams</u>, No. 2:08CR 376-06 WBS, 2014 WL 7526578 (E.D. Cal. July 24, 2014).

**58. INSTRUCTION NO. 58 - Defense Theory of the Case:**

[Defendants may request an instruction on the defense theory of the case. We reserve our right to submit that request at the close of the trial.]


[Fed. R. Crim. P. 30; <u>United States v. Cortes</u>, 757 F.3d 850, 857 (9th Cir. 2014) ("A criminal defendant is entitled to jury instructions related to a defense theory so long as there is any foundation in the evidence and the instruction is supported by law." (internal quotation marks omitted)); <u>United States v. Burt</u>, 410 F.3d 1100, 1103 (9th Cir. 2005) ("A defendant is entitled to instructions relating to a defense theory for which there is any foundation in the evidence, even though the evidence may be weak, insufficient, inconsistent, or of doubtful credibility.")]

**59. INSTRUCTION NO. 59 - Supplemental Proposed Jury Instruction:**

Do not decide the case based on "implicit biases." As discussed in jury selection, everyone has feelings, assumptions, perceptions, fears, and stereotypes, that is "implicit biases," that we may not be aware of. These hidden thoughts can impact what we see and hear, how we remember what we see and hear, and how we make important decisions. While it is difficult to control one's subconscious thoughts, being aware of these hidden biases can help counteract them. As a result, I ask you to recognize that all of us may be affected by implicit biases in the decisions that we make. Because you are making very important decisions in this case, I strongly encourage you to evaluate the evidence carefully and to resist jumping to conclusions based on personal likes or dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes, or biases. Our system of justice is counting on you to render a fair decision based on the evidence, not on biases.

_____

Taken from: Judge Mark W. Bennett, Unraveling the Gordian Knot of Implicit Bias in Jury Selection: The Problems of Judge-Dominated Voir Dire, the Failed Promise of Batson, and Proposed Solutions, 4 Harv. L. & Pol'y Rev. 149, 171 (2010).

Dated: JULY 11, 2019                    Respectfully submitted,

                              _____/s/_____
                              Christopher J. Cannon
                              Matthew A. Laws
                              Attorneys for WEILIN CHANG

                              _____/s/_____
                              Julia M. Jayne
                              Attorney for JONATHAN CHANG