JULIA M. JAYNE (State Bar No. 202753)
E-Mail:  *julia@jaynelawgroup.com*
JAYNE LAW GROUP, P.C.
483 9th Street, Suite 200
Oakland, CA 94607
Telephone: (415) 623-3600
Facsimile: (415) 623-3605

Attorneys for Defendant JONATHAN CHANG

CHRISTOPHER J. CANNON, State Bar No. 88034
E-Mail: chris@sugarmanandcannon.com
MATTHEW A. LAWS, State Bar No. 273697
Sugarman & Cannon
737 Tehama Street, No. 3
San Francisco, CA 94103
Telephone: (415) 362-6252
Facsimile: (415) 362-6431

Attorneys for Defendant WEILIN CHANG

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN CHANG & WEILIN CHANG<br><br>Defendants. | Case No. 16-cr-00047 EJD<br><br>**DEFENDANTS JONATHAN CHANG AND WEILIN CHANG'S OPPOSITION TO UNITED STATES' MOTION *IN LIMINE* RE: STEVEN BOYLES**<br><br>Pretrial Conference: July 31, 2019<br>Time:                     1:30 p.m.<br>Dept:                     Courtroom 1, 5th Floor<br>Judge:                   Hon. Edward J. Davila<br><br>Date Filed:          July 3, 2019<br><br>Trial Date:          August 13, 2019 |

Defendants Jonathan and Weilin Chang, through their counsel, respectfully submit the following opposition to the United States' Motion *in Limine* Regarding Steven Boyles (Dkt. No. 115).

JAYNE LAW GROUP, P.C.
483 9th Street, Suite 200
Oakland, California 94607

JAYNE LAW GROUP, P.C.
483 9th Street, Suite 200
Oakland, California 94607

# I.    FACTUAL BACKGROUND

On July 3, 2019, Defendants designated Steven Boyles as their testifying expert. *See* Dkt. 103. That submission summarized the expected testimony of Mr. Boyles. On the same day, Defendants provided the government with Mr. Boyles' expert report and accompanying, detailed exhibits.

On the first page of his report, Mr. Boyles lists the documents and information he considered and relied upon in formulating his report as follows:

- Quicken Files for:
  - HOC Associates, Inc. ("INC")
  - HOC Associates, LLC ("LLC")
- Various Bank Statements
- INC Form 990s
- Loan Agreements and Amendments
- Correspondence and Other Communications
- Other General Discovery Provided
- Conversations with Jonathan Chang

*See* Dkt. 115-1 (Redacted Boyles' Report) and Attached Exh. A (Boyles' Report).[1] Mr. Boyles' report then goes on to explain exactly how he conducted his analysis. *Id.* Specifically, on Page 2 of his report, Mr. Boyles precisely articulates what conversations with Jonathan Chang he *relied upon* in preparing his report.

> I further understand through conversations with Jonathan Chang that to record most of the information reflected in the Quicken files, he would electronically download the transactions directly from the various banks and credit card companies directly into the Quicken data file and run a reconciliation of such to the banks electronically.1 I was able to confirm the reasonableness of Mr. Chang's representation by reviewing the Quicken transaction reports and noting that the majority of transactions were marked with an "R" in the "Clr" column.2

*Id.* at 2.

---

[1] The report is being publicly filed in redacted form due to sensitive financial information.

Mr. Boyles included this information from Jonathan Chang in his report because he relied on the Quicken software and reports to generate his expert report. To generate his own report, Mr. Boyles needed to understand how the user – here, Mr. Chang – accessed the Quicken program. Mr. Boyles' was then able to verify what Mr. Chang told him by noting the "R" and "Clr" notations made by the Quicken software. Mr. Boyles then spelled out his findings. This is the only information from Jonathan Chang that Mr. Boyles relied upon to complete his expert report.

As is evident from the forensic analysis described in his report, Mr. Boyles – unlike Agent Kikugawa – did not rely upon interviews and emails from HOC4 members to reach his conclusions. His report is precisely what a forensic accounting report should be – one based on math, science, and accounting principles.

Defense counsel has repeatedly told government counsel that the report is complete and that Mr. Bolyes – who was designated as an expert on July 3, the date his report was completed and disclosed – has nothing additional to add. Yet the government seems insistent on disbelieving the representations of both counsel and Mr. Boyles.

## II.  ARGUMENT

### A.  Required Production Under F.R.E. 702 and Rule 16(b)(1)

Defense counsel complied with Federal Rules of Evidence 702 and Federal Rule of Criminal Procedure 16(b)(1) by providing precisely the information required by the Rules. The government's motion does not point to a single deficiency in the disclosure or an allegation of a failure to comply with Rule 16(b)(1).

Defense counsel has not attempted to hide Mr. Boyles' opinions or conclusions, has not skirted the requirements of the Rules, and has not filed a deficient expert notification. It is unclear what the Government complains about other than a general failure to accept the report and conclusions as a truthful representation of what was relied upon by Mr. Boyles.

### B.  No Further Disclosures are Warranted

The government claims that "Rule 16 requires the defense to provide additional information regarding the conversations because they form the basis of Boyles' opinion, as Boyles

JAYNE LAW GROUP, P.C.
483 9th Street, Suite 200
Oakland, California 94607

asserts." Gov. Mot. at 3. The government is incorrect. Rule 16(b)(1)(A) requires a defendant to disclose:

> "…books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of those items if:
> > (i)      The item is within the defendant's possession, custody or control; and
> > (ii)     The defendant intends to use the item in defendant's case-in-chief at trial."

Fed.R.Crim.Pro. 16(b)(1)(A). Clearly, nothing within this rule falls into what the government is seeking, as defendants do not intend to <u>use</u> any of items listed in Rule 16(b)(1)(a) in the testimony of Steven Boyles other than his report and exhibits – *which have been disclosed*.

Turning to Rule 16(b)(1)(C): this section requires a "written summary" of testimony by an expert. Defendants have also complied with this requirement.

Finally, Rule 16(b)(2) clearly sets forth information *not* subject to disclosure:

Except for scientific[2] or medical reports, Rule 16(b)(1) does not authorize discovery or inspection of:

(A) reports, memoranda, or other documents made by the defendant, or the defendant's attorney or agent, during the case's investigation or defense; or

(B) a statement made to the defendant, or the defendant's attorney or agent, by:
> (i) the defendant;
> (ii) a government or defense witness; or
> (iii) a prospective government or defense witness.

Fed.R.Crim.Pro. 16(b)(1)(C). The government adopts a novel reading of Rule 16 in claiming that "additional" information is required from Steven Boyles. To the contrary, nothing additional is required, as spelled out by Rule 16.

Moreover, there is no "additional information" to be provided. Mr. Boyles was clear that he verified how Quicken was handled by Mr. Chang, and Mr. Boyles included that information in his report. The report speaks for itself. *See* Exh. A.

### C.   The Government Cannot Receive Attorney-Client or Work-Product Privileged Communications

The government claims that they are unable to "test" the opinions in Mr. Boyles' report.

---

[2] Mr. Boyles' report may be a considered a "scientific report" which of course has been provided.

JAYNE LAW GROUP, P.C.
483 9th Street, Suite 200
Oakland, California 94607

To the contrary, defense counsel has provided the government with the very same Quicken files that Mr. Boyles relied upon in preparing his report. The government is able to "test" Mr. Chang's representations about the reconciled bank statements with Quicken by looking at the same data reviewed by Mr. Boyles. There is no "hiding the ball" here – the data, attachments, and Quicken file are clear.

Information or communications furnished to an accountant hired to assist an attorney or serve the interests of the client and attorney are protected by the attorney-client privilege. *United States v. Schwimmer*, 892 F.2d. 237 (2nd Cir. 1989). Here, there has been no general waiver of the entire attorney-client privilege; the waiver is limited to what is noted in Mr. Boyles' report regarding the verification of how Quicken was used.

The government cites to *United States v. Alvarez*, 519 F.2d 1036 (3rd Cir. 1975) for the proposition that it is entitled to privileged communications. *Alvarez* is hardly comparable, as it had to do with a mental examination by a psychiatrist. The statements the defendant made in *Alvarez* to the psychiatrist were the *primary basis* of the expert's assessment of defendant's competency. There, the expert's opinion was dependent upon the client's statements so as to determine whether the defendant was competent. The *Alvarez* court ultimately concluded, though, that admission of the expert was error requiring a new trial. *Id.* at 1047. Here, Mr. Boyles is not reporting on Mr. Chang's mental state; Mr. Boyles is conducting a financial analysis using financial records.

The quote provided by the government from *Smith v. McCormick*, 914, F.2d 1153, 1160 (9th Cir. 1990) also does not bolster the government's position: "We agree with the Third Circuit that a defendant's communication with her psychiatrist is protected up to the point of testimonial use of that communication." In *McCormick*, the expert opinion was exclusively concerned with the defendant's psychological state and thus, the defendant's statements to the psychiatrist were relevant. Indeed, in cases regarding a defendant's competency or mental state, the communications from defendant to psychiatrist are the heart of the expert's assessment and therefore, may be disclosed. A similar principle applies to physicians who testify about a patient's ailments – the privilege would be waived because the ailments would be the very subject of the physician's

JAYNE LAW GROUP, P.C.
483 9th Street, Suite 200
Oakland, California 94607

JAYNE LAW GROUP, P.C.
483 9th Street, Suite 200
Oakland, California 94607

1   testimony. *See City & County of San Francisco v. Superior Court in and For the City and County*

2   *of San Francisco*, 37 Cal.2d. 277 (1951).

3       Here, not only has Mr. Boyles' articulated precisely the communication he considered, but

4   he is not opining on defendant's mental state. He is merely reporting that he verified with Mr.

5   Chang how the Quicken file was used. The government is attempting to bootstrap Mr. Boyles'

6   statement that he "communicated" with Mr. Chang regarding the Quicken software into a waiver

7   of all attorney-client communications. The Court may read for itself the contents of Mr. Boyles'

8   report to confirm that it is not dependent on any other communications.[3]

9       Equally troubling is the government's insistence on the disclosure of the entirety of Mr.

10  Chang's communications with counsel and Mr. Boyles because it implicates Mr. Chang's Fifth

11  Amendment right against self-incrimination, Sixth Amendment right to the effective assistance of

12  counsel and Fifth Amendment right to Due Process.[4] In the line of cases cited by the government,

13  the thing at issue – the defendant's mental state – is revealed through communications with the

14  patient-defendant. When the defendant uses their mental state as a defense, the defendant may

15  waive their right against self-incrimination as to those related statements. However, in this case,

16  Mr. Chang is not claiming that a mental state defense applies; his statement to Mr. Boyles merely

17  clarified the use of *software*. Unlike the psychiatrist-patient cases cited by the government, Mr.

18  Boyles' report is based on an examination of accounting records, not Mr. Chang's mental or

19  psychological state.

20      Further, communications in any form between a "party's attorney" and an expert who is

21  required to provide an expert witness report are protected as qualified attorney work-product,

22  subject to certain and specified exceptions. *Republic of Ecaudor v. Mackay* 742 F.3d 860, 869-871

23

24  _____
    [3] The full, un-redacted report (Exhibit A) is being submitted to the Court under seal, as it contains sensitive financial
25  information.

26  [4]   Defendant should not have to sacrifice one constitutional right (6th Amendment right to counsel) for another
    constitutional right (5th Amendment). *Lefkowitz v. Cunningham*, 431 U.S. 801, 806 (1977) ("the touchstone of the
27  Fifth Amendment is compulsion, and direct economic sanctions and imprisonment are not the only penalties capable
    of forcing the self-incrimination which the Amendment forbids."). Defendant's Sixth Amendment right to counsel is
    hampered if communications aren't privileged. *Id.*
28

JAYNE LAW GROUP, P.C.
483 9th Street, Suite 200
Oakland, California 94607

& fn. 4 (9th Cir. 2014) (analyzing expert disclosures under Civil Rule 26(a)(2)(B)). The government's suggestion that it is entitled to all communications between counsel and Mr. Boyles or Mr. Boyles, counsel and Mr. Chang, even though his testimony is not dependent on those communications, is an untenable position not supported by any precedent that counsel is aware of.

Importantly, in the criminal context, the protections of the Fifth and Sixth Amendments are even greater:

> "Although the work-product doctrine most frequently is asserted as a bar to discovery in civil litigation, its role in assuming the proper functioning of the criminal justice system is even more vital. The interest of society and the accused in obtaining a fair and accurate resolution of the question of guilt or innocence demand that adequate safeguards assure the thorough preparation and presentation of each side of the case."

*United States v. Nobles*, 422 U.S. 225, 238 (1975). In *Nobles*, the defendant offered the testimony of his investigator to contrast the investigator's recollection of the contested statements with those of the prosecution's witnesses. *Id.* The court found that by putting the investigator's report (which previously hadn't been disclosed) at issue, the defendant waived the work-product privilege as to that report. *Id.* Defendants agree, and that is why they disclosed Mr. Boyles' **report** (and, though unrelated to Mr. Boyles, six witness interviews written by Defendants' investigator). Though Defendants maintain that *Jencks* does not apply to experts – because the expert report *is* the "statement" of the expert – Defendants have already represented to the government that they have no additional "statements" of Mr. Boyles to provide.[5]

In persisting on this privilege issue, the government appears to be grasping at straws in an effort to suppress Mr. Boyles' exonerating report. Thus, one can only presume that the government hopes to gain some tactical advantage by seeking attorney-client and work-product privileged communications that have no bearing on Mr. Boyles' report or his conclusions. It merits repeating that Mr. Boyles has already disclosed the communications that he relied upon on Page 2 of his report. Reading the report itself confirms that the analysis is not dependent on any communications other than that.

---

[5]  *United States v. Jones*, 72 F.3d 920 (D.C. 1995)("The court permissibly concluded that the notes discussed in the testimony of expert witness Gladys Segal are not Jencks Act documents.")

### III.   CONCLUSION

For the reasons stated, Defendants Jonathan and Weilin Chang respectfully request that the court deny the Government's Motion *in Limine* Re Steven Boyles and not permit an unjustified and unreasonable waiver of Defendants' Fifth and Sixth Amendment rights.


Dated: July 18, 2019                              Respectfully submitted,


                                                  _____/s/_____
                                                  Julia Jayne
                                                  Christopher J. Cannon
                                                  Matthew A. Laws
                                                  Attorneys for Jonathan and Weilin Chang

JAYNE LAW GROUP, P.C.
483 9th Street, Suite 200
Oakland, California 94607